IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE

DOUG THOMPSON and                                                                                      PLAINTIFFS
LISA THOMPSON

v.                                         CASE NO. 5:24-cv-05145-TLB

FEDERAL BUREAU OF INVESTIGATION                                                              DEFENDANT

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiffs Doug Thompson and Lisa Thompson (collectively "Thompson") for their Complaint against the Federal Bureau of Investigation ("FBI"), state:

**JURISDICTION AND VENUE**

1. Doug Thompson is a resident of Washington County, Arkansas and is the Political Reporter and Enterprise Editor for the *Northwest Arkansas Democrat-Gazette*.

2. Lisa Thompson is a resident of Washington County, Arkansas and is the Executive Editor of the *Northwest Arkansas Democrat-Gazette*.

3. The FBI is an intelligence and threat focused national security organization with both intelligence and law enforcement responsibilities. It is the principal investigative arm of the United States Department of Justice ("DOJ") and a full member of the intelligence community. The FBI has authority and responsibility to investigate specific crimes assigned to it and to provide other law enforcement agencies with cooperative services.

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) as Thompson reside in Washington County, Arkansas, which is within the district of this Court.

## FACTS

6. Arkansas Senator Jon Woods ("Woods") and two co-defendants were investigated by the FBI. Woods was later accused and convicted of corruption related charges. FBI Special Agent Robert F. Cessario ("Cessario") was the lead investigator of Woods and his co-defendants.

7. According to the DOJ, in August 2022 former FBI Special Agent Cessario pleaded guilty to corruptly destroying an object with the intent to impair its integrity and availability for use in an official proceeding, and according to the factual statement in support of the guilty plea, from on or about December 4, 2017, through on or about December 6, 2017, Cessario erased the contents of his government computer hard drive knowing that a Court had ordered the computer for forensic examination. Cessario further admitted that he had obtained recordings from a cooperating defendant in connection with the same official proceeding and placed those recordings on his government computer and that he wiped the computer after questions arose about when and in what manner he obtained the recordings.

8. On August 18, 2022, Thompson sent a FOIA request to the FBI seeking access to the following records:

    (A)    findings and final recommendations of charges in the investigation of Cessario;

    (B)    showing any disciplinary action taken against Cessario;

    (C)    which show when Cessario left the employment of the FBI; and

    (D)    which show whether Cessario draws a pension from the FBI.

A copy of the August 18, 2022, FOIA request is attached hereto and incorporated herein as Exhibit A.

9. Thompson received FBI acknowledgement regarding the FOIA request on October 14, 2022. A copy of the Acknowledgement is attached hereto and incorporated herein as Exhibit B.

10. On October 17, 2022, the FBI advised Thompson that while records exist they are exempt from disclosure and release "would constitute an unwarranted invasion of personal privacy." As a result, the FBI closed Thompson's FOIA request. A copy of the correspondence is attached hereto and incorporated herein as Exhibit C.

11. Thompson submitted on December 22, 2022, a timely administrative appeal of the FBI's claimed exemption. Thompson challenged how the public's right to know about an FBI agent's intentional destruction of evidence was outweighed by "privacy concerns." Similarly, Thompson argued that the records of Cessario's last day and whether he received a pension could not be a matter of privacy outweighing the public's interest in the case. A copy of Thompson's appeal is attached hereto and incorporated herein as Exhibit D.

12. The FBI acknowledged Thompson's appeal in correspondence dated March 27, 2023, which is attached hereto and incorporated herein as Exhibit E.

13. In December 2023 Thompson contacted Senator John Boozman ("Senator Boozman") to seek assistance in obtaining the requested information from the FBI. Senator Boozman forwarded to Thompson correspondence of December 6, 2023, which Senator Boozman received from the FBI. The FBI stated, "We know how important this information is to your constituent; however, the nature of this information requires that our research process renders a thorough and accurate result." A copy of the correspondence is attached hereto and incorporated herein as Exhibit F.

3

14. On April 8, 2024, approximately 18 months after Thompson's FOIA request seeking an expedited review, the FBI denied the request for expedited processing. A copy of the correspondence is attached hereto and incorporated herein as Exhibit G.

15. On the following day, Thompson received correspondence from the FBI that 3,783 pages of records "potentially responsive" to the request were found and that the processing average time would be 67 months to complete. After providing the anticipated processing time, the FBI asked Thompson, "Would you be willing to consider reducing the scope of your request to place it in a smaller, potentially faster processing track?" A copy of the April 9, 2024, correspondence is attached hereto and incorporated herein as Exhibit H.

16. The FBI negotiation team followed up with Thompson to determine if the request could be narrowed. A copy of correspondence of April 11, 2024, is attached hereto and incorporated herein as Exhibit I.

17. Thompson again sought assistance from Senator Boozman's office concerning the FBI's position that processing the request would take 5 years, seven months. A copy of correspondence dated April 15, 2024, is attached hereto and incorporated herein as Exhibit J.

## COUNT I – VIOLATION OF FOIA

18. Paragraphs 1-17 are restated and incorporated as if fully stated herein.

19. The FBI has violated the FOIA by failing to produce any records responsive to Thompson's August 18, 2022 request.

20. The FBI has violated the FOIA by failing to make a "determination" to the request within 20 working days. *Citizens for Resp. and Ethics in Washington v. Fed. Election Com'n.*, 711 F.3d 180, 189 (D.C. Cir. 2013) ("*Crew*") (citing 5 U.S.C. § 552 (a)(6)(A)(i)). "[I]n order to make [this] 'determination'… the agency must at least: (i) gather and review the documents; (ii)

determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Crew*, 711 F.3d at 188.

21. Forty (40) business days elapsed from the FOIA request to a determination by the FBI in violation of FOIA.

22. The FBI relied upon exceptions 5 U.S.C. § 552(b)(6) and (b)(7)(c) asserting the request did not demonstrate that the public's interest in disclosure outweighed the personal privacy interests of these individuals.

23. The position of the FBI in relying on the cited exceptions is patently specious. The FBI apparently agreed by reversing itself on April 11, 2024 as to the claimed exceptions and identifying 3,783 potentially responsive pages.  See Exhibit I.

24. Under FOIA, once a determination is made, "FOIA requires that the agency make the records promptly available." *Crew*, 711 F.3d at 188.  The District of Columbia Circuit has indicated that documents should be produced typically "within days or a few weeks of a 'determination,' not months or years." *Id*.

25. The FBI violated FOIA by delaying production initially by claiming an exemption. The FBI continues to violate by not producing the documents and now claiming it would take 67 months to produce 3,783 pages.

**COUNT II – DECLARATORY JUDGMENT**

26. Paragraphs 1-25 are restated and incorporated as if fully stated herein.

27. Pursuant to Rule 57 of the Federal Rules of Civil Procedure Thompson requests this Court to declare the rights, status, and other legal relations between Thompson and the FBI

with respect to the August 18, 2022, FOIA request. Thompson specifically requests the Court declare Thompson's entitlement to the agency documents requested.

28. A declaratory judgment is necessary to settle and afford Thompson from uncertainty and insecurity with respect to the FBI's obligations pursuant to the FOIA.

29. Thompson further requests that this Court order a "speedy hearing" of this action pursuant to Rule 57 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs Lisa Thompson and Doug Thompson respectfully request that the Court: (1) declare Defendant Federal Bureau of Investigation's failure to comply with the FOIA by its failure to respond to the FOIA request within 20 business days, by its refusal of the FOIA request by improperly claiming exemptions, and by its failure to timely produce the documents; (2) enjoin Defendant Federal Bureau of Investigation from continuing to withhold records responsive to the August 18, 2022, FOIA request; (3) grant judgment pursuant to Fed. R. Civ. P. 57 declaring Defendant Federal Bureau of Investigation's obligation to produce to Thompson the requested records; (4) grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and, (5) grant Plaintiffs all other proper relief.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com

By: /s/ John E. Tull III
    John E. Tull III (84150)
    Vincent O. Chadick (94075)

*Attorneys for Plaintiffs Doug Thompson and Lisa Thompson*