IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| DOUG THOMPSON and<br>LISA THOMPSON, | )<br>)<br>) | |
| Plaintiffs | )<br>) | |
| v. | )<br>) | Case No. 5:24-cv-05145 - TLB |
| FEDERAL BUREAU OF<br>INVESTIGATION, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## ANSWER

Defendant, the Federal Bureau of Investigation ("FBI") or ("Defendant"), by and through the United States Attorney for the Western District of Arkansas and the undersigned counsel, respectfully submits this Answer to Plaintiff's Complaint ("Complaint"), ECF No. 2, filed on July 15, 2024, in this Freedom of Information Act ("FOIA") case as follows.

The FBI expressly denies each and every allegation in the Complaint not specifically admitted or otherwise qualified herein. The FBI reserves its right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the FBI through the course of the litigation. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, the FBI may refer to such materials for their accurate and complete contents in response; however, the FBI's responses are not intended to be, and should not be construed to be, an admission that the cited materials are (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

## JURISDICTION AND VENUE[1]

1. The FBI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. The FBI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. The FBI admits the allegations contained in Paragraph 3.

4. The allegations in Paragraph 4 constitute conclusions of law to which no response is required. To the extent that a response is required, the FBI admits this Court has subject-matter jurisdiction over this matter subject to the terms and limitations of FOIA.

5. The allegation regarding venue in Paragraph 5 constitutes a conclusion of law to which no response is required. To the extent a response is required, the FBI admits that venue is proper in this District. The FBI is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5.

## FACTS

6. Paragraph 6 consists of Plaintiffs' characterization of factual allegations unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

7. Paragraph 7 consists of Plaintiffs' characterization of factual allegations unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

8. As to the allegations contained in Paragraph 8, the FBI admits that it received a FOIA Request from Plaintiffs dated August 18, 2022. Defendant respectfully refers this Court to that request and denies all allegations inconsistent therewith.

---

[1] Merely for ease of reference, the FBI's Answer replicates the headings contained in the Complaint. Although the FBI believes no response is required to such headings (Fed R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

9. As to the allegations contained in Paragraph 9, the FBI admits that it sent Plaintiffs an acknowledgement letter dated October 14, 2022. Defendant respectfully refers this Court to that letter and denies all allegations inconsistent therewith.

10. As to the allegations contained in Paragraph 10, the FBI respectfully refers this Court to that letter and denies all allegations inconsistent therewith.

11. As to the allegations contained in Paragraph 11, the FBI admits the Office of Information Policy (OIP) received an administrative appeal from Plaintiffs. Defendant denies the administrative appeal was submitted on December 22, 2022. Defendant respectfully refers this Court to that appeal and denies all allegations inconsistent therewith.

12. As to the allegations contained in Paragraph 12, the FBI admits OIP acknowledged Plaintiffs' administrative appeal. Defendant denies that acknowledgement was dated March 27, 2023. Defendant respectfully refers this Court to the letter dated January 11, 2023, and denies all allegations inconsistent therewith.

13. The FBI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 13. The FBI admits it sent correspondence to Senator John Boozman, dated December 6, 2023. Defendant respectfully refers this Court to that letter and denies all allegations inconsistent therewith.

14. As to the allegations contained in Paragraph 14, the FBI admits denying Plaintiffs' appeal via letter dated April 8, 2024. Defendant respectfully refers this Court to that letter and denies all allegations inconsistent therewith.

15. As to the allegations contained in Paragraph 15, the FBI admits sending Plaintiffs correspondence dated April 9, 2024, regarding the number of potentially responsive pages and the average processing time for such volume. Defendant respectfully refers this Court to that correspondence and denies all allegations inconsistent therewith.

16. The FBI admits the allegations contained in Paragraph 16.

17. The FBI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

## **COUNT I – VIOLATION OF FOIA**

18. The FBI incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

19. The allegations in Paragraph 19 constitute Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the FBI denies the allegations of Paragraph 19.

20. The allegations in Paragraph 20 constitute Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the FBI denies the allegations of Paragraph 20.

21. The FBI denies the allegations contained in Paragraph 21.

22. The FBI admits the allegations contained in Paragraph 22.

23. The allegations in Paragraph 23 constitute Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the FBI denies the allegations of Paragraph 23.

24. The allegations in Paragraph 24 consist of Plaintiffs' characterization of the cited cases. Defendant respectfully refer the Court to the cited cases for a full and accurate statement of their contents.

25. The allegations in Paragraph 25 constitute Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the FBI denies the allegations of Paragraph 25.

## COUNT II – DECLARATORY JUDGMENT

26. The FBI incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

27. This paragraph contains Plaintiffs' characterization of this action, to which no response is required.

28. This paragraph contains Plaintiffs' characterization of this action, to which no response is required.

29. This paragraph contains Plaintiffs' characterization of this action, to which no response is required.

## REQUESTED RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer of Relief to which no response is required. To the extent a response is required, the FBI denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, the FBI raises the following defenses. The FBI respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the FBI throughout the course of this litigation.

## FIRST DEFENSE

Plaintiffs are not entitled to the production of records exempt from disclosure by one or more exemptions of FOIA, 5 U.S.C. § 552.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

## FOURTH DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

Respectfully submitted,

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: */s/ Candace L. Taylor*
Candace L. Taylor
Assistant U.S. Attorney
Bar No. 98083
414 Parker Avenue
Fort Smith, Arkansas 72901
479-783-5125
candace.taylor@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Candace L. Taylor, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on August 15, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to CM/ECF participants.

                                              */s/ Candace L. Taylor*
                                              Candace L. Taylor
                                              Assistant United States Attorney