# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

               *Plaintiffs,*

   v.

FEDERAL BUREAU OF
INVESTIGATION,

               *Defendant.*

Civil Action No.: 24-CV-5145 (TLB)

## DECLARATION OF AMIE MARIE NAPIER

I, Amie Marie Napier, declare as follows:

1.     I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division, Federal Bureau of Investigation ("FBI"), located in Winchester, Virginia. I joined the FBI in April 2009, and prior to my current position, I was the Unit Chief of the Office of Internal Auditing's National Security Unit from July 2024 until September 2025; a Unit Chief, Acting Assistant Section Chief, and Acting Section Chief in the Information Technology Infrastructure Division from February 2020 to July 2024; an Auditor, Unit Chief, Assistant Section Chief, and Acting Section Chief in the Training Division from July 2012 to February 2020; an Auditor and Division Compliance Officer in the Security Division from September 2010 to July 2012; and an Auditor and Compliance Team Lead in the Threat Screening Center from April 2009 to September 2010. Prior to joining the FBI, I served as an Auditor with the Department of Defense's Office of Inspector General from September 2003 to April 2009.

2.      In my official capacity as Section Chief of RIDS, I supervise approximately 208 FBI employees, supported by approximately 94 contractors, who staff a total of eight Federal Bureau of Investigation Headquarters ("FBIHQ") units and two field operational service center units. RIDS' collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974, 5 U.S.C. § 552(a); Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, including information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3.      Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA and the Privacy Act of 1974. Specifically, I am familiar with the FBI's handling of Plaintiffs' FOIA request that is the subject of this litigation.

4.      In response to Plaintiffs' request, the FBI processed a total of 1,211 pages of responsive records subject to the FOIA. Of these pages, the FBI released 816 pages in full, released 332 pages in part, and withheld 63 pages in full because the material was determined to be exempt pursuant to one or more of the following applicable FOIA Exemptions 5, 6, 7(C), and 7(E), or sealed pursuant to Court Order.

5.      The FBI submits this declaration in support of Defendant's Motion for Summary Judgment. Part I of this declaration provides the Court with a summary of the administrative

2

history of Plaintiffs' request. Part II describes the procedures used to search for responsive records. Part III, in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), provides the FBI's justification for withholding information in full or part pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E). 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

<div align="center">

**PART 1: ADMINISTRATIVE HISTORY**

**FBI FOIA REQUEST NUMBER 1557752**

</div>

6.    By electronic FOIA ("eFOIPA")[1] dated August 18, 2022, Plaintiffs submitted a FOIA request to the FBI seeking the findings and final recommendation of charges in the investigation of FBI Special Agent ("SA") Robert Cessario. Plaintiffs provided additional information regarding the subject of this request, to include background information concerning the investigation and prosecution of SA Cessario. Additionally, Plaintiffs requested their request be granted expedited processing pursuant to 5 U.S.C. § 522(a)(6)(E)(i)(ll). Plaintiffs provided no justification for why expedited processing of their request was warranted. (Ex. A.)

7.    By letter dated October 14, 2022, the FBI acknowledged receipt of Plaintiffs' FOIA request dated August 18, 2022, and notified Plaintiffs it had assigned it FBI FOIPA Request Number 1557725. The FBI also informed Plaintiffs of the following:

   a.   Plaintiffs submitted their request via the FBI's eFOIPA system, the FBI determined the request was not consistent with the FBI eFOIPA terms of service, and future correspondence would be sent through the mail.

   b.   as a general (all other) requester, Plaintiffs would be charged applicable search and duplication fees.

---

[1] An eFOIPA is an electronic means by which requesters can submit FOIA or Privacy Act requests to the FBI, online, through the FBI's public website, www.FBI.gov.

<div align="center">3</div>

Additionally, the FBI informed Plaintiffs they could check the status of their request and/or contact the FBI with any questions at www.fbi.gov/foia. Furthermore, Plaintiffs could appeal the FBI's response to the Department of Justice ("DOJ") Office of Information Policy ("OIP") within 90 days of its letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting the Office of Government Information Services ("OGIS"). (Ex. B.)

8. By letter dated October 17, 2022, the FBI informed Plaintiffs it had completed its search and the records requested were categorically denied pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 522(b)(6) and (b)(7)(C). Plaintiffs did not sufficiently demonstrate that the public's interest in disclosure (relating to the operations and activities of the government) outweigh the personal privacy interest of this individual; and that although the FBI acknowledges the existence of records, the records are exempt from disclosure, as processing this third party's records would constitute an unwarranted invasion of personal privacy. Additionally, the FBI advised it was closing Plaintiffs' request. Finally, the FBI informed Plaintiffs they could appeal the FBI's determination by writing to Director, OIP within ninety (90) days of the FBI's letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. (Ex. C.)

9. By letter dated December 28, 2022, Plaintiffs submitted an administrative appeal to DOJ, OIP challenging the FBI's determination in response to FOIA request 1557725. Specifically, Plaintiffs challenged the FBI's determination that Plaintiffs did not sufficiently demonstrate that the public's interest in disclosure and the categorical denial of records pursuant Exemptions 6 and *7(C),* 5 U.S.C. §§ 522(b)(6) and (b)(7)(C). (Ex. D.)

10.     By letter dated January 11, 2023, OIP acknowledged receipt of Plaintiffs' appeal of the FBI's determination in FBI FOIPA Request Number 1557725. OIP advised Plaintiffs it assigned it appeal number A-2023-00588. (Ex. E.)

11.     By letter dated March 23, 2023, OIP informed Plaintiffs it was remanding Plaintiffs' FOIPA Request Number 1557725 to the FBI to conduct a search for the requested records, as the subject's guilty plea greatly diminished his privacy interest. OIP further advised Plaintiffs that if dissatisfied with its action on the appeal, Plaintiffs could file a lawsuit in federal district court. (Ex. F.)

12.     By letter dated March 27, 2023, the FBI advised Plaintiffs that it had received remanded appeal A-2023-00588 from OIP. The FBI further informed Plaintiffs that the remanded appeal of FOIA 1557725 had been opened and Plaintiffs would be informed of the results in future correspondence. (Ex. G.)

13.     By letter dated April 8, 2024, the FBI acknowledged Plaintiffs' request for expedited processing pursuant to 28 C.F.R. §16.5 (e)(1)(ii) and informed Plaintiffs they did not provide enough information to meet the statutory requirements for expedition. As a result, the FBI advised it was denying Plaintiffs' request for expedited processing. The FBI advised Plaintiffs that if they were dissatisfied with the FBI's determination concerning expedited processing, they could submit an administrative appeal in writing to DOJ, OIP, seek dispute resolution services through the FBI's FOIA Public Liaison, and/or they could contact OGIS. (Ex. H.)

14.     By letter dated May 2, 2024, the FBI provided Plaintiffs with an estimate of the volume of records located, an explanation of its multi-queue processing system, and advised Plaintiffs of the estimated cost of production. Specifically, the FBI advised Plaintiffs it had

5

located approximately 32,471 pages of records and audio and video files, potentially responsive under the FOIA to the request.[2] The FBI advised Plaintiffs that the estimated cost of production was $1,045.00 on Compact Dis ("CD") or $1,693.55 on paper.[3] Additionally, the FBI provided the Plaintiffs with an opportunity to reduce the scope of the request in order to place the request into a smaller queue and requested that Plaintiffs respond in writing within 30 days from the date of the FBI's letter indicating their preference regarding the amount of pages requested, interest in potentially responsive media, format (paper or CD), and willingness to pay all estimated duplication costs. Finally, the FBI advised Plaintiffs they could appeal the FBI's response to DOJ, OIP within 90 days of its letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. (Ex. I.)

15.     On July 15, 2024, Plaintiff filed a complaint in the U.S. District Court for the Western District of Arkansas. (Dkt. No. 2.)

16.     At a case management hearing on November 14, 2024, Plaintiffs agreed to a subset of 1,211 pages, which Defendant believes will fully satisfy Plaintiffs' FOIA request. (Dkt. No. 11.)

---

[2] The FBI provided Plaintiffs with a copy of their FBI FOIPA Addendum outlining standard responses that apply to all requests, standard responses that apply to all requests for records on individuals, and which provides requesters with general information about FBI records, searches, and programs. The FBI also included an information sheet that provides requesters with an explanation of FOIPA exemptions.

[3] By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. Requesters are charged $0.05 per page for paper releases, and $11.50 for digital releases. Releases are made in segments of 250 reviewed pages at a cost of $11.50 per CD or $0.05 per page if made in paper. See 28 CFR §16.10 and 16.49. Requesters are entitled to the first 100 pages free of charge. If the release is made on CD or through the FBI's eFOIPA system, requesters receive the 100 free page cost equivalent and a reduction in duplication fees for total credit of $8.00 to the first CD.

17.    By letter dated December 31, 2024, the FBI made its first interim release of records to the Plaintiffs, advising that 500 pages of records were reviewed, and 0 pages of records were being released. Plaintiffs were advised that information was referred to other government agencies ("OGA") and the FBI would communicate with Plaintiffs once the OGA responses were received. Additionally, the FBI advised Plaintiffs that they could appeal the FBI's response to DOJ, OIP, within 90 days of the date of its letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. (Ex. J.)

18.    By letter dated January 31, 2025, the FBI made its second interim release of records to the Plaintiff, advising that 500 pages of records were reviewed, and 304 pages of records were being released in full or part, with certain information exempted pursuant to FOIA Exemptions 6, 7(C), and 7(E), 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E). Plaintiffs were advised that some of the responsive records were not eligible for release because they were subject to a Court's Sealing Order. Additionally, the FBI advised Plaintiffs that information was referred to OGAs and the FBI would communicate with the Plaintiffs once the OGA responses were received. Lastly, the FBI advised Plaintiffs that they could appeal the FBI's response to the DOJ, OIP, within 90 days of the date of its letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. (Ex. K.)

19.    By letter dated February 28, 2025, the FBI made its third interim release of records to Plaintiffs, advising that 211 pages of records were reviewed, and 6 pages of records were being released in full or part, with certain information exempted pursuant to FOIA Exemptions 6, 7(C), and 7(E), 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E). Plaintiffs were advised that information was referred to OGAs and the FBI would communicate with the plaintiffs once the OGA responses were received. Lastly, the FBI advised Plaintiffs that they

7

could appeal the FBI's response to the DOJ, OIP, within 90 days of the date of its letter, contact

the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. (Ex. L.)

20.    By letter dated March 25, 2025, Plaintiffs submitted an administrative appeal to

DOJ, OIP challenging the FBI's response to FOIA Request 1557725. Specifically, Plaintiffs

challenged the FBI's timeliness and exemptions claimed in response to Plaintiffs' FOIA request

1557725. (Ex. M)

21.    By letter dated March 26, 2025, OIP acknowledged receipt of Plaintiffs' appeal

from the action of the FBI regarding FOIA request 1557725. OIP advised Plaintiffs that it

assigned appeal number A-2025-01143. (Ex. N.)

22.    By letter dated March 31, 2025, the FBI made its fourth interim release of records

to the Plaintiffs, advising that 88 pages of records were reviewed, and 88 pages of records were

being released in full or part, with certain information exempted pursuant to FOIA Exemptions 5,

6, 7(C), and 7(E), 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). Plaintiffs were advised

that some of the responsive records were not eligible for release because they were subject to a

Court's Sealing Order. Additionally, the FBI advised Plaintiffs that they could appeal the FBI's

response to the DOJ, OIP, within 90 days of the date of its letter, contact the FBI's public liaison,

and/or seek dispute resolution services by contacting OGIS. (Ex. O.)

23.    By letter dated May 13, 2025, OIP advised Plaintiffs that pursuant to DOJ

regulations 28 C.F.R. § 16.8(b)(2)(2024), an appeal ordinarily will not be acted upon by OIP if

the FOIA request has become the subject of litigation. Therefore, OIP closed appeal A-2025-

01143. (Ex. P.)

24.    By letter dated June 6, 2025, the FBI made its fifth interim release of records to

the Plaintiffs, advising that 89 pages of records that were previously consulted to the DOJ Office

of the Inspector General ("OIG") were reviewed, and 89 pages of records were being released in full or part, with certain information exempted pursuant to FOIA Exemptions 6, 7(C), and 7(E), 5 U.S.C. § 552 ( (b)(6), (b)(7)(C), and (b)(7)(E). Additionally, the FBI advised Plaintiffs that they could appeal the FBI's response to the DOJ, OIP, within 90 days of the date of its letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. (Ex. Q.)

25.     By letter dated August 29, 2025, the FBI notified Plaintiffs that documents previously consulted to an OGA would be provided to them directly from the DOJ, OIG. Additionally, the FBI advised Plaintiffs could appeal the OIG's response to Department of Justice, Office of the Inspector General, 950 Pennsylvania Avenue, Room 4726, Washington, D.C. 20530-0001. Finally, the FBI advised Plaintiffs that they could appeal the FBI's response to the DOJ, OIP, within 90 days of the date of its letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. (Ex. R.)

26.     By letter dated February 12, 2026, the FBI provided a supplemental release of records to Plaintiff. The FBI advised Plaintiff it re-reviewed 7 pages of previously released material, and 7 pages were released in full or part with certain information exempted pursuant to FOIA Exemptions 6, 7(C), and 7(E), 5 U.S.C. § 552 ( (b)(6), (b)(7)(C), and (b)(7)(E).[4] Additionally, the FBI advised Plaintiffs that they could appeal the FBI's response to the DOJ,OIP, within 90 days of the date of its letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. **(Ex. S.)**

---

[4] In its first review, the FBI inadvertently asserted (b)(7)(E)-1 to a file number on Bates pages 856 and asserted (b)(6)-0 and (b)(7)(C)-0 to a file number on Bates pages 1141-1142, 1168, 1196, and 1198-1199. Upon further review, the FBI reprocessed these pages and is now asserting only (b)(6)-0 and (b)(7)(C)-0 to a portion of that file number.

**PART II: THE FBI'S CENTRAL RECORDS SYSTEM AND SEARCH METHODOLOGY**

27.    Plaintiffs' request seeks records on Robert Cessario, a subject reasonably expected to be indexed within the automated indices of the FBI's Central Records System ("CRS"). Given the comprehensive nature of the information contained therein (see ¶ 29, infra), the CRS is the FBI system of records where responsive records would reasonably be expected to be found.

THE FBI'S CENTRAL RECORDS SYSTEM

28.    The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI while fulfilling its mission and integrated functions as a law enforcement and intelligence agency, and in the fulfillment of its administrative and personnel functions. The CRS spans the entire FBI organization and encompasses the records of FBIHQ, FBI field offices, and FBI legal attaché offices worldwide.

29.    The CRS consists of a numerical sequence of files, called FBI "classifications," which are organized according to designated subjects. The broad array of CRS file classification categories includes types of criminal conduct and investigations conducted by the FBI, as well as categorical subjects pertaining to counterterrorism, intelligence, counterintelligence, personnel, and administrative matters. For identification and retrieval purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number consisting of three sequential components: (a) the CRS file classification number; (b) the abbreviation of the FBI office of origin (OO) opening the file; and (c) the assigned individual case file number for the particular

10

subject matter.[5] Within each case file, pertinent documents of interest are "serialized," or assigned a number in the order which the document is added to the file, typically in chronological order. Ct

*The Central Records System's General Indices and Indexing*

30.     The general indices to the CRS, comparable to a digital version of a library card catalog, function as the key to locating records within the enormous amount of information contained in the CRS. FBI personnel index information in the CRS by individual (person), organization (entity, place, or thing), or activity or event (e.g., terrorist attack or bank robbery) when information is deemed of sufficient significance to warrant indexing for future retrieval.[6] The entries in the general indices fall into two categories:

> a. Main index entry: A main index entry is created for each individual or non-individual (e.g., organization, event, or activity) that is the subject or focus of an investigation. Main subjects are identified in the case title of a file.

> b. Reference index entry: A reference index entry is created for an individual or non-individual (e.g., organization, event, or activity) associated with an investigation, but who or which is not the main subject or focus of the

---

[5] For example, in fictitious file number "11Z-HQ-56789," "11Z" indicates the file classification, "HQ" indicates that FBI Headquarters is the FBI OO, and "56789" indicates the assigned case specific file number.

[6] FBI's Records and Information Management Policy mandates that FBI personnel enter all federal records into an authorized FBI recordkeeping system. FBI personnel are responsible for managing records they create and receive, determining the record status for each, and importing records into an electronic recordkeeping system such as the Sentinel case management system. See FBI Records and Information Management Policy Guide, 1321PG (May 31, 2024) at 11-12 (Section 2.9), available at www.vault.fbi.gov/records -and-information-management-policy-guide-1321pg/Records%20and%20Information%Management%20Policy%20Guide%201321PG%20Part%2001%28Final%29/view (last accessed July 21, 2025).

11

investigation. Reference subjects are typically not identified in the case title of a file.

*Sentinel*

31.     FBI personnel access the general indices through Sentinel, the FBI's case management system (since July 1, 2012). Prior to Sentinel, the FBI relied on a case management system known as Automated Case Support (ACS).[7] On August 1, 2018, the FBI decommissioned ACS, and the ACS indexed data was migrated into Sentinel where these indices are accessible and searchable through Sentinel's search function. In addition to providing access to the information previously indexed into ACS, Sentinel provides a means for FBI personnel to access the FBI's older manual indices, when necessary.

32.     FBI personnel rely on Sentinel to locate records and other types of documents to fulfill essential functions, such as: conducting criminal, counterterrorism, and national security investigations; conducting background investigations; performing citizenship and employment queries; and administering security screenings, to include presidential protection. Sentinel's index search methodology and function allow FBI personnel to query the CRS for indexed subjects in case files.

33.     However, the identification of records indexed to the subject of a FOIPA request does not automatically mean the indexed records are responsive. Index searches using the search functions available in Sentinel are the means by which potentially responsive records are located, but ultimately, a FOIPA analyst must review potentially responsive records against the specific parameters of individual requests. Responsiveness determinations are made once indexed records

---

[7] As part of the ACS implementation process, over 105 million pre-existing CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices.

are gathered, analyzed, and sorted by FOIPA analysts who then make informed scoping decisions to determine the total pool of records responsive to an individual request.

ADEQUACY OF SEARCH

*Central Records System Search and Results*

34.     The FBI determined that a search of the CRS automated indices, available within Sentinel per its search functions, represented the most reasonable means for the FBI to locate records potentially responsive to Plaintiffs' FOIA request. This is because, as described above, these general indices provide access to a comprehensive, agency-wide set of indexed data on a broad array of investigative and administrative subjects and consist of millions of searchable records that are updated daily with newly indexed information. In addition, because the requested subject matter would have been indexed after the implementation of Sentinel, the FBI determined that any records would be located using Sentinel search function.

35.     In response to Plaintiffs' request, the FBI conducted a search for main and reference entries[8] in the Sentinel indices via Sentinel's search function. The FBI searched the indices using the term "Robert Cessario" and employing a search cut-off date[9] of June 29, 2023, which is the date of the FBI's initial search for records. The FBI located responsive records as a result of this search.

---

[8] *See* ¶ 28, *supra*, for an explanation of main and reference entries. Additionally, the FBI's FOIPA Addendum, attached to FBI determination letters, explains that the FBI's standard search policy is a search for main entity records in the CRS. A standard search does not include reference entity records, administrative records of previous FOIPA requests, or civil litigation files; however, the search will include such records if they are specifically articulated in the request. See FBI FOIPA Addendum, Part 3(i).

[9] A search cut-off date is the date that the agency commences a search for records responsive to a FOIPA request. Generally, the FBI uses a search cut-off date to delineate the scope of a FOIPA request by treating records created after that date as not responsive to the request. See 28 C.F.R. § 16.4(a). DOJ provides notice of the use of a search cut-off date in its published FOIA reference

13

36.    Plaintiffs have provided no information for the FBI to reasonably conclude that records responsive under the FOIA would reside outside the CRS. There is no indication from the CRS search efforts that responsive records would reside in any other FBI system or location. Thus, the FBI has searched all locations and files reasonably likely to contain responsive records, and there is no basis for the FBI to conclude that a search elsewhere would reasonably be expected to locate responsive records subject to the FOIA.

**PART III: JUSTIFICATION FOR NONDISCLOSURE UNDER THE FOIA**

37.    The FBI processed all records responsive to Plaintiffs' request to achieve maximum disclosure consistent with the access provisions of the FOIA. Every effort was made to provide Plaintiffs with all reasonably segregable, non-exempt information. The FBI did not withhold any reasonably segregable, nonexempt portions from Plaintiffs. Further description of the information withheld, beyond what is provided in this declaration, could reveal the actual exempt information or would employ finite resources only to produce disjointed words, phrases, or sentences, that would have minimal or no informational content.

BATES NUMBERING, JUSTIFICATION CODES, AND INDEX

38.    Bates Numbering & Index: The FBI numbered all pages of its production consecutively as Bates pages FBI(24-cv-5145)-1 through FBI(24-cv-5145)-1211. On the pages released in full and in part, these numbers are typically located at the bottom of each page. Additionally, included as an exhibit to this declaration, is an index that identifies the pages that the FBI withheld in full or part and its justification for doing so. (Ex. T.) The index provides a

---

guide on its FOIA website (https://www.justice.gov/oip/doj-guide-freedom-information-act-0) (last accessed June 29, 2023).

description of each document withheld in full and also indicates the specific FOIA exemptions asserted on each page.[10]

39.    Justification Codes: On the Bates-numbered pages provided to Plaintiffs and on pages withheld in full or part and accounted for in the FBI's index, the FBI further categorized its application of exemptions to better explain the nature of the information withheld pursuant to the provisions of the FOIA. Particularly, the FBI applied numerical codes that coincide with specific categories of exempt information. This declaration and index demonstrate that all information withheld by the FBI is exempt from disclosure pursuant to the cited FOIA exemptions or is so intertwined with non-exempt information that segregation is not possible without revealing the underlying exempt information.

40.    Each instance of information withheld pursuant to a FOIA exemption is accompanied by a coded designation that corresponds to one of the categories listed below.[11] For example, if "(b)(7)(C)-1" appears on a page, the "(b)(7)(C)" designation refers to FOIA Exemption 7(C) protecting against unwarranted invasions of personal privacy. The numerical designation "1" following "(b)(7)(C)" narrows the main category into a more specific subcategory, such as "Names and Other Identifying Information of FBI Special Agents and Professional Staff."

---

[10] If requested, the FBI can provide copies of all records processed to the Court for in camera inspection.

[11] The FBI has implemented standard codes for justification categories. Not all codes are applicable in each FOIA litigation; therefore, the codes in the below "Summary of Exemption Categories" chart may not be sequential if certain codes are not relevant to the records at issue.

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **EXEMPTION (b)(5)** | **PRIVILEGED INFORMATION** |
| (b)(5)-1 | Deliberative Process Privilege |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-0 and (b)(7)(C)-0 | Personally Identifiable Information of Robert Cessario |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Other Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Other Identifying Information of Third Parties who Provided Information |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Other Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-4, 12 and (b)(7)(C)-4, 12[12] | Name and Other Identifying Information of a Person of Investigative Interest |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Other Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-6 and (b)(7)(C)-6 | Names of Local Law Enforcement Personnel |
| (b)(6)-8 and (b)(7)(C)-8 | Name and Other Identifying Information of a Third-Party Victim |
| (b)(6)-9 and (b)(7)(C)-9 | Names of Commercial Institution Personnel |
| (b)(6)-11 and (b)(7)(C)-11 | Names and Identifying Information of Local Government Personnel |
| **EXEMPTION (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-1 | Sensitive Investigative File Numbers |
| (b)(7)(E)-3 | Internal E-mail Addresses, Non-Public Web Addresses, Telephone Numbers, and Internal E-mail Tools |
| (b)(7)(E)-4 | Collection and Analysis of Information |
| (b)(7)(E)-5 | Focus of Specific Investigations |
| (b)(7)(E)-11 | Computer Analysis Response Team Reports and/or Data |
| (b)(7)(E)-15 | Investigation Code Names |

EXEMPTION 5 – PRIVILEGED INFORMATION

41.    Exemption 5 of the FOIA exempts from mandatory disclosure "inter-agency" or "intra-agency" memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

42.    Exemption 5 has been construed to exempt documents or information normally privileged in the civil discovery context and incorporates the deliberative process privilege. The deliberative process privilege protects predecisional, deliberative communications that are part of a process by which agency decisions are made. It protects opinions, advice, evaluations, deliberations, proposals, or recommendations that form part of an agency decision-making process, as well as the selection and sorting of factual information relied upon as part of the decision-making process.

43.    In order to apply Exemption 5, agencies must first satisfy the threshold requirement – i.e., show that the information protected was "inter-agency" or "intra-agency." Once the threshold is satisfied, agencies must satisfy the elements of the pertinent privilege. With respect to the deliberative process privilege, agencies must show that the withheld information was both predecisional – i.e., antecedent to a final agency decision – and deliberative – i.e., part of the process in which the agency engaged in an effort to reach a final decision (whether or not any final decision was ever reached).

*(b)(5)-1: Deliberative Process Privilege*

44.    In Exemption category (b)(5)-1, the FBI protected privileged, deliberative materials. The deliberative process privilege protects the internal deliberations of the government by insulating recommendations, analyses, opinions, and other non-factual information

---

[12] The FBI is consolidating (b)(6)-4 and (b)(7)(C)-4 with (b)(6)-12 and(b)(7)(C)-12.

17

comprising the decision-making process. In turn, Exemption 5 allows for the withholding of such privileged material – i.e., material that contains, or was prepared in connection with the formulation of, opinions, advice, evaluations, deliberations, policies, proposals, conclusions, or recommendations. The privilege also protects records and information that, if disclosed, would reveal the agency's collection of multitudinous facts, and the sorting, evaluation, and analysis of those facts in order to make recommendations or reach a final agency decision. Exemption 5, when asserted in conjunction with the deliberative process privilege, is predicated on the recognition that release of this privileged information would inhibit the government's development of policy and stifle its decision-making process. Furthermore, exempting such documents from disclosure also protects against public confusion that might result from preliminary disclosure of opinions and information that does not, in fact, reflect the final views or policies of the FBI. The exemption and privilege together protect not only documents but also the integrity of the deliberative process itself, where exposure of the process would result in harm. The FBI invokes Exemption 5 and the deliberative process privilege because FBI employees would hesitate to offer their candid and conscientious opinions to superiors or coworkers if they knew that their opinions of the moment might be made a matter of public record at some future date, and because such self-censorship would, in turn, degrade the quality of agency decisions by depriving the decision-makers of fully explored options developed from robust debate.

45.    The FBI relied on Exemption 5 and the deliberative process privilege to protect deliberative information located within the internal investigation of the subject of Plaintiffs' request. These materials reflect deliberations integral to reaching final agency decisions or were key to a decision-making process aimed at developing best agency decisions. The deliberative

information located within FOIA processing records are deliberative and pre-decisional. Additionally, in compliance with the FOIA Improvement Act of 2016, all of this material was created less than 25 years before the submission of Plaintiffs' request.

46.    For the reasons discussed above, the FBI properly applied the deliberative process privilege under Exemption 5 to withhold pre-decisional and deliberative material. The FBI segregated non-deliberative facts, whenever possible, and only withheld such material when it found it was inextricably intertwined with agency deliberations.

<div align="center">EXEMPTION 7 THRESHOLD</div>

47.    Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Pursuant to 28 USC §§ 533, 534, and Executive Order 12333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM) and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and further the foreign intelligence objectives of the United States. Under this investigative authority, the responsive records herein were compiled for the following specific law enforcement purposes. The records at issue were compiled in furtherance of the FBI's investigation of SA Robert Cessario as well as a separate public corruption investigation that SA Cessario was conducting. Considering these records were compiled to document the FBI's investigation of potential crimes, the FBI determined they were compiled for law enforcement purposes.

FOIA EXEMPTIONS (B)(6) AND (B)(7)(C)
UNWARRANTED INVASION OF PERSONAL PRIVACY

48.    Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within the scope of Exemption 6.

49.    Exemption 7(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).[13]

50.    When withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure. In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of the privacy interest of every individual whose name and/or identifying information appears in the documents at issue. When withholding the information, the individual's privacy interest was balanced against the public's interest in disclosure. For purposes of these exemptions, a public interest exists only when information about an individual, their name, or their identifying information[14] would shed light on the FBI's

---

[13] The practice of the FBI is to assert Exemption 6 in conjunction with Exemption 7(C). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under both exemptions.
[14] Hereafter, identifying information includes the following: dates of birth, places of birth, residences, telephone numbers, social security numbers, badge number, computer user ID/Login, health information, and email addresses.

performance of its mission to protect the American people and uphold the Constitution of the United States, and its function to: protect the United States from terrorist attack; protect the United States against foreign intelligence, espionage, and nefarious cyber operations; combat significant criminal cyber activity, public corruption, transnational criminal enterprises, white-collar crime, and violent crime; and protect civil rights. In each instance wherein information was withheld pursuant to Exemptions 6 and 7(C), the FBI determined that the individuals' privacy interests outweighed any public interest in disclosure.

51.     Furthermore, considering privacy concerns are typically obviated once an individual is deceased,[15] when processing FOIPA requests, the FBI takes several steps to ascertain the current life/death status of the individuals whose names are withheld. The FBI uses the birth date and/or the date of the investigation to determine whether an individual is living or deceased, to the extent either or both pieces of information are discernable from the file. The date of birth is used to apply the judicially recognized "100-year rule," i.e., if the individual was born more than 100 years ago, the FBI presumes that he or she is dead, and the name is released. The FBI also uses institutional knowledge gained from prior FOIA requests or internal records. By using institutional knowledge, the FBI can identify with sufficient certainty the life/death status of certain individuals. If the FBI is unable to determine the life/death status of an individual through the use of these methods, the name of the individual is withheld pursuant to Exemptions 6 and 7(C), when it finds disclosure would constitute an unwarranted invasion of those individuals' privacy should they still be living, and no public interest would be served in releasing the name. It is also the FBI's policy to release names of high-ranking FBI officials as

---

[15] In some circumstances, surviving relatives of a deceased individual retain privacy interests in their information, even after the individual's death. See generally National Archives v. Favish, 124 S. Ct. 1570 (2004).

well as individuals in public positions, as they have diminished privacy rights while acting in their official capacity. This policy is applied to the individual's position at the time of the document, and not the present.

*(b)(6)-0 and (b)(7)(C)-0: Personally Identifiable Information of Robert Cessario*

52.    Within Exemption category (b)(6)-0 and (b)(7)(C)-0, the FBI withheld Robert Cessario's personally identifiable information ("PII"). SA Cessario retains limited privacy regarding PII, and the FBI withheld information such as his date of birth, social security number, employee identification number, medical information, phone number, email, and details of investigations not in the public purview. There is no public interest served by disclosing SA Cessario's PII, as release of this information would not significantly increase the public's understanding of the FBI's operations and activities. Thus, disclosure of this information would constitute a clearly unwarranted invasion of personal privacy, and the FBI properly withheld SA Cessario's PII pursuant to Exemptions 6 and 7(C).

*(b)(6)-1 and (b)(7)(C)-1: Names and other Identifying Information of*
*FBI Special Agents and Professional Staff*

53.    Within Exemption category (b)(6)-1 and (b)(7)(C)-1, the FBI withheld the names and identifying information of FBI Special Agents and professional staff. These FBI SAs and professional staff were responsible for conducting, supervising, and/or maintaining the investigative and administrative activities related to the investigation of SA Cessario, as well as investigations that SA Cessario may have been involved in, which are reflected in the documents responsive to Plaintiffs' request. These responsibilities included, but are not limited to, the following: coordinating/completing tasks in support of the FBI's investigative and administrative functions, technology support, compiling information, conducting interviews, and/or reporting on the status of the investigation(s).

22

54.    FBI Special Agents. Assignments of SAs to any particular investigation are not by choice. Publicity, adverse or otherwise, arising from a particular investigation and/or use of specific FBI investigative techniques, may seriously prejudice their effectiveness in conducting other investigations or performing their day-to-day work. The privacy consideration is also applied to protect FBI SAs, as individuals, from unnecessary, unofficial questioning as to the conduct of this or other investigations/investigative activities, whether or not they are currently employed by the FBI. FBI SAs conduct official inquiries into various criminal and national security violation cases. The publicity associated with the release of an SA's identity in connection with a particular investigation could trigger hostility toward a particular SA. During an investigation, an SA may engage with all strata of society, conducting searches and making arrests, both of which result in reasonable but nonetheless serious disturbances to people and their lives. Individuals targeted by such investigations, and/or those sympathetic to those targeted, could seek to inflict violence on an SA based on their participation in an investigation. This is because an individual targeted by such law enforcement actions may carry a grudge against those involved with the investigation, which may last for years. These individuals may seek revenge on SAs and other federal employees involved in a particular investigation. There is no public interest served by disclosing the SAs' identities because their identities would not, themselves, significantly increase the public's understanding of the FBI's operations and activities. Thus, disclosure of this information would constitute a clearly unwarranted invasion of their personal privacy, and the FBI properly withheld the names and identifying information of FBI SAs pursuant to Exemptions 6 and 7(C).

55.    FBI Professional Staff. The FBI also withheld the names and identifying information of FBI professional staff pursuant to Exemptions 6 and 7(C). These FBI professional

23

staff were assigned to handle tasks related to the FBI's investigative and administrative functions, technology support, compiling information, conducting interviews, and/or reporting on the status of the investigation of SA Cessario. Additionally, professional staff were carrying out these duties as part of a public corruption case that SA Cessario was himself investigating at the time. Similar to FBI SAs, these FBI employees could be targeted for reprisal based on their involvement in specific investigations/investigative activities. Furthermore, these FBI professional staff were, and possibly are, in positions of access to information regarding official law enforcement investigations and, therefore, could become targets of harassing inquiries for unauthorized access to investigations if their identities were released. Thus, these individuals maintain substantial privacy interests in not having their identities disclosed. In contrast, the FBI concluded that no public interest would be served by disclosing the identities of these FBI professional staff to the general public because their identities would not, themselves, significantly increase the public's understanding of the FBI's operations and activities. Accordingly, after balancing these professional staff employees' substantial privacy interests against the non-existent public interest, the FBI determined disclosure of their identities would constitute a clearly unwarranted invasion of their personal privacy. Therefore, the FBI properly withheld the names and identifying information of FBI professional staff pursuant to Exemptions 6 and 7(C).

### (b)(6)-2 and (b)(7)(C)-2: Names and other Identifying Information of Third Parties who Provided Information

56.    In Exemption category (b)(6)-2 and (b)(7)(C)-2, the FBI withheld the names and identifying information of third-party individuals who were interviewed, and/or provided information by other means, to the FBI during its investigation of SA Cessario. The identifying information of, and information provided by, these third-party individuals appear within the

24

FBI's files because these individuals willingly divulged information relevant to FBI investigative efforts. These individuals were not of investigative interest to the FBI. Plaintiffs have not provided a privacy waiver from the third parties authorizing release of their information, nor have Plaintiffs supplied proof of death; therefore, these individuals maintain substantial and legitimate privacy interests in not having their cooperation or connection to FBI law enforcement matters disclosed. Considering the FBI is an investigative and intelligence agency, disclosure of these individuals' names and/or identifying information in connection with FBI records carries an extremely negative connotation.

57.     Disclosure of the identities of individuals who willingly provide information to the FBI could subject these individuals to harassment or embarrassment, undue public attention, and/or unwanted inquiries for information related to their assistance. They could also be targeted for retaliation by investigative subjects or by those who simply disparage cooperation with law enforcement. Exposure of a third party's cooperation with law enforcement could also lead to legal or economic detriment, negative professional and social repercussions, possible physical harm, or even death. Thus, the FBI has determined these individuals maintain substantial privacy interests in not having their identities disclosed.

58.     In contrast, the FBI could identify no public interest in the disclosure of this information because disclosure of these individual's names and identifying information would not shed light on or significantly increase the public's understanding of the operations and activities of the FBI. The FBI concluded the non-existent public interest here was insufficient to override these individuals' substantial privacy interests; therefore, the FBI properly protected these individuals' privacy interests pursuant to Exemptions 6 and 7(C).

*(b)(6)-3 and (b)(7)(C)-3: Names and other Identifying Information of
Third Parties Merely Mentioned*

59.    In Exemption category (b)(6)-3 and (b)(7)(C)-3, the FBI withheld the names and identifying information of third parties who were merely mentioned in the investigative records responsive to Plaintiffs' request. The FBI has information about these third parties in its files because these individuals were tangentially mentioned in conjunction with FBI investigative efforts. These individuals were not of investigative interest to the FBI. These third parties maintain substantial and legitimate privacy interests in not having this information disclosed and thus, being connected with an FBI law enforcement matter. Considering the FBI is an investigative and intelligence agency, disclosure of these third parties' names and/or identifying information in connection with an FBI investigation carries an extremely negative connotation. Disclosure of their identities would subject these individuals to possible harassment or criticism and focus derogatory inferences and suspicion on them. The FBI then considered whether there was any public interest that would override these privacy interests, and it concluded that disclosing information about individuals who were merely mentioned in an FBI investigative file would not significantly increase the public's understanding of the operations and activities of the FBI. Accordingly, the FBI properly protected these individuals' privacy interests pursuant to FOIA Exemptions 6 and 7(C).

*(b)(6)-4, 12 and (b)(7)(C)-4, 12: Name and Other Identifying Information of
a Person of Investigative Interest*

60.    In Exemption category (b)(6)-4, 12 and (b)(7)(C)-4, 12, the FBI withheld the name and identifying information of a third party of investigative interest to the FBI. Being identified as a subject of FBI investigative interest carries a strong negative connotation and a stigma, whether or not this individual ever committed criminal acts. Release of the individual's

26

identity to the public could subject them to harassment or embarrassment, as well as undue public attention. Furthermore, it could result in professional and social repercussions, due to resulting negative stigmas. Accordingly, the FBI determined this individual maintains substantial privacy interests in not having their identity disclosed. In contrast, disclosing personal information about this individual would not significantly increase the public's understanding of the FBI's performance of its mission and so the FBI concluded that there was no public interest here sufficient to override this individual's substantial privacy interest. For these reasons, the FBI properly withheld this information pursuant to Exemptions 6 and 7(C).

*(b)(6)-5 and (b)(7)(C)-5: Names and Other Identifying Information of
Non-FBI Federal Government Personnel*

61.    In Category (b)(6)-5 and (b)(7)(C)-5, the FBI withheld the names and identifying information of personnel from non-FBI federal government agencies who provided information to or otherwise assisted the FBI in its investigation of SA Cessario. The rationale for protecting the identities of other government employees is the same as the rationale for protecting the identities of FBI employees. *See* ¶¶ 53-55, *supra*. Publicity, adverse or otherwise, concerning the assistance of these other agency employees in an FBI investigation would seriously impair their effectiveness in assisting or participating in future FBI investigations. The privacy consideration also protects these individuals from unnecessary, unofficial questioning as to the FBI investigation. It is possible for a person targeted by law enforcement action to carry a grudge which may last for years, and to seek revenge on the personnel involved in the investigations at issue in these FBI records. The publicity associated with the release of their names and/or identifying information in connection with these investigations could trigger hostility towards them by such persons. Therefore, these employees maintain substantial privacy interests in not having their identities disclosed in this context. In contrast, there is no public interest to be

27

served by the disclosure of these employees' names and/or identifying information because their identities, by themselves, would not demonstrate how the FBI performed its statutory mission and thus, would not significantly increase the public's understanding of the FBI's operations and activities. Accordingly, the FBI properly protected these employees' privacy interests pursuant to FOIA Exemptions 6 and 7(C).

*(b)(6)-6 and (b)(7)(C)-6: Names of Local Law Enforcement Personnel*

62.     In Exemption Category (b)(6)-6 and (b)(7)(C)-6, the FBI withheld the names of local law enforcement employees. These employees were acting in their official capacities and aided the FBI in the law enforcement investigative activities reflected in the records responsive to plaintiffs' request. The rationale for protecting the identities of FBI SAs and professional staff discussed in ¶¶ 53-55, supra, applies equally to the names of these local law enforcement employees. Release of the identities of these law enforcement employees could subject them as individuals to unnecessary and unwelcome harassment that would invade their privacy and could cause them to be targeted for reprisal. In contrast, disclosure of this information would serve no public interest because it would not shed light on the operations and activities of the FBI. Accordingly, the FBI properly withheld this information pursuant to Exemptions 6 and 7(C).

*(b)(6)-8 and (b)(7)(C)-8: Names and Other Identifying Information of a Third-Party Victim*

63.     In Exemption category (b)(6)-8 and (b)(7)(C)-8, the FBI withheld the name and identifying information of a third-party victim. Releasing this individual's identity in the context of these investigative records would cause embarrassment, as well as unsolicited and unnecessary attention. Such a release could force them to relive emotionally trying events, causing further invasion of their privacy, in excess of the harm they have already been forced to endure. Thus, this victim maintains a strong privacy interest in the protection of such personal

28

information. Furthermore, there is no legitimate public interest to be served by releasing the identity of this victim because their identity would not shed light on the operations and activities of the FBI. The FBI determined disclosure of this information would constitute a clearly unwarranted invasion of this individual's personal privacy, and consequently, withheld this information pursuant to FOIA Exemptions 6 and 7(C).

*(b)(6)-9 and (b)(7)(C)-9: Names of Commercial Institution Personnel*

64.     In Exemption category (b)(6)-9 and (b)(7)(C)-9, the FBI withheld the names of private, commercial institution employees who provided assistance to the FBI during its investigation of SA Cessario. These individuals assisted the FBI in their official capacities and were able to do so due to their employment. Identifying them in this context (within law enforcement records) could subject them to unofficial inquiries for information related to their assistance, not anticipated by their contact with the FBI. Additionally, they could be targeted for retaliation by investigative subjects or those who disparage cooperation with law enforcement, as a result of their cooperation. Thus, these individuals maintain substantial privacy interests in not being disclosed in this context. In contrast, there is no public interest to be served by publicly disclosing their identities as doing so would not increase public understanding of FBI operations and activities. Accordingly, the FBI protected these individuals' names pursuant to Exemptions 6 and 7(C).

*(b)(6)-11 and (b)(7)(C)-11: Names and Identifying Information of*
*Local Government Personnel*

65.     In Exemption category (b)(6)-11 and (b)(7)(C)-11, the FBI withheld the names and identifying information of local government personnel who provided assistance to the FBI during its investigation of SA Cessario. These individuals assisted the FBI in their official capacities and were able to do so due to their employment. Identifying them in this context could

29

subject them to unofficial inquiries for information related to their assistance, not anticipated by their contact with the FBI. Additionally, they could be targeted for retaliation by investigative subjects, or those who disparage cooperation with law enforcement, as a result of their cooperation. Thus, these individuals maintain substantial privacy interests in not being disclosed in this context. In contrast, there is no public interest to be served by publicly disclosing their identities, as doing so would not increase public understanding of FBI operations and activities. Accordingly, the FBI protected these individuals' names and identifying information pursuant to Exemptions 6 and 7(C).

EXEMPTION (B)(7)(E) INVESTIGATIVE TECHNIQUES AND PROCEDURES

66.    FOIA Exemption (b)(7)(E) provides protection for law enforcement records [which]…would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552(b)(7)(E).

67.    The FBI asserted Exemption (b)(7)(E) to withhold information from these records, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigation or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

68.    Within the responsive documents, the FBI applied Exemption (b)(7)(E) to non-public investigative techniques and procedures utilized by the FBI to pursue its law enforcement mission, and also to non-public details about techniques and procedures that are otherwise known to the public. Specifically, the FBI asserted Exemption 7(E) to protect the following categories of information.

30

*7(E)-1: Sensitive Investigative File Numbers*

69.    In Exemption category 7(E)-1, the FBI protected sensitive investigative file numbers. The FBI determined this exemption is appropriate for protecting these file numbers as the release of file numbering convention identifies the investigative interest or priority given to such matters. The file numbers the FBI protected are not known to the general public. These file numbers contain three separate portions.  The first portions of these file numbers consist of FBI file classification numbers which indicate the types of investigative/intelligence gathering programs to which these files pertain. Many of the FBI's classification numbers are public, which makes disclosure of this information even more telling. Release of known file classification numbers in the context of investigative records would immediately reveal the types of investigations being pursued, and thus the types of investigative techniques and procedures available to FBI investigators, and/or non-public facets of the FBI's investigative strategies. For example, revealing the FBI has a money laundering investigative file on a subject who was only known to be investigated for crimes related to public corruption, would reveal key, non-public information about the FBI's investigative strategies and gathered evidence. Additionally, releasing non-public FBI file classification numbers would reveal critical information about non-public investigative techniques and procedures, and provide criminals and foreign adversaries the ability to discern the types of highly sensitive investigative strategies the FBI is pursuing whenever such file classification numbers are present within these and other sensitive FBI investigative records.

70.    The protected investigative file numbers also contain two letter office of origin codes, indicating which FBI field office or overseas FBI legal attaché originated the investigations at issue. Providing this information, in many instances, would provide critical

31

information about where and how the FBI detected particular criminal behaviors or national security threats, and reveal key pieces about the FBI's non-public FBI investigations or intelligence/evidence gathering sources and methods. Revealing this information could also risk disclosing unknown FBI investigations or intelligence gathering initiatives, by revealing interests in varying areas of FBI investigative responsibility. Releasing this information could also possibly provide significant information about the FBI's failure to detect certain types of criminal behavior. For example, a criminal operating out of San Francisco, California with ties to a criminal organization under investigation in the FBI's Seattle Field Office, could request the FBI's Seattle Field Office's investigative file. If the FBI were to reveal all of the originating office codes in the investigative files present in Seattle's file, and there was no indication the FBI ever pursued an investigation in San Francisco, the criminal could reasonably assume the FBI failed to locate any evidence of their wrongdoing, emboldening them to continue their activities, undeterred.

71.     The third portion of these investigative files consists of the numbers given to the unique investigative initiatives these files were created to memorialize. Releasing these singular file numbers would provide criminals and foreign adversaries with a tracking mechanism by which they can place particular files/investigations within the context of larger FBI investigative efforts. Continued release of sensitive investigative file numbers would provide criminals with an idea of how FBI investigations may be interrelated and when, why, and how the FBI pursued different investigative strategies. This would provide criminals with a means of judging where the FBI allocates its limited investigative resources, how the FBI responds to different investigative circumstances, what the FBI knows and when/how they obtained the knowledge, and if there are knowledge gaps in the FBI's gathered intelligence.

72.    In summary, repeatedly releasing sensitive FBI investigative file numbers would allow determined criminals and foreign adversaries to obtain an exceptional understanding of the body of investigative intelligence available to the FBI; and where, who, what and how it is investigating certain detected activities. Release of this information would enable these criminals and foreign adversaries to predict FBI investigations and structure their behavior to avoid detection and disruption by FBI investigators, enabling them to circumvent the law. Accordingly, the FBI properly asserted FOIA Exemption 7(E) to protect this type of information.[16]

*7(E)-3: FBI Internal E-mail Addresses, Non-Public*
*Web Addresses and Telephone Numbers, and Internal E-mail Tools*

73.    In Exemption category 7(E)-3, the FBI withheld internal e-mail addresses, non-public intranet web addresses and telephone numbers, and secure internal e-mail tools. Release of this type of information could provide criminals with specific targets for possible cyber-attacks and other types of attacks on FBI secure communications. Considering the current cyber-security environment where government data breaches and other hacking attempts on government systems are prevalent, it is likely that the release of this type of information could provide hackers with avenues to exploit the FBI's Information Technology system. It is possible they could use this information to gain unauthorized access to FBI systems, view and/or manipulate sensitive investigative data, interfere with the FBI's non-public intranet protocol, and/or hinder the FBI's ability to enforce the law by disrupting the FBI's internal communications. Releasing this information poses substantial risks to FBI information systems,

---

[16] As stated in FN 4, *supra,* the FBI is no longer asserting (b)(7)(E)-1 to withhold a file number on Bates 856. The FBI continues to assert (b)(7)(E)-1 to file numbers on Bates pages 29, 33 and 34.

could potentially decrease the FBI's effectiveness, and could enable criminals to circumvent the law. Accordingly, the FBI asserted Exemption 7(E) to withhold this information.

*7(E)-4: Collection and Analysis of Information*

74.    In Exemption category 7(E)-4, the FBI protected the methods the FBI uses to collect and analyze information it obtains for investigative purposes. The release of this information would disclose the identity of methods used in the collection and analysis of information, including how and from where the FBI collects information and the methodologies employed to analyze it once collected. These methods are still in use today.

75.    Disclosures would enable subjects of FBI investigations to circumvent these or similar currently used techniques. The relative utility of these techniques could be diminished if the actual techniques were released in this matter. This, in turn, would facilitate the accumulation of information by investigative subjects regarding the circumstances under which the specific techniques were used or requested and the usefulness of the information obtained. Release of this type of information would enable criminals to educate themselves about the techniques employed for the collection and analysis of information and therefore allow these individuals to take countermeasures to circumvent the effectiveness of these techniques and to continue to violate the law and engage in intelligence, terrorist, and criminal activities. Accordingly, the FBI has properly withheld this information pursuant to FOIA Exemption 7(E).

*7(E)-11: Computer Analysis Response Team Reports and/or Data*

76.    In Exemption category 7(E)-11, the FBI protected reports and/or data resulting from the FBI's analysis of digital media collected during the investigations memorialized in the records at issue. The FBI's Computer Analysis Response Team ("CART") provides digital forensics, technical capabilities, and related services and support to the FBI, intelligence

34

organizations and other law enforcement agencies. CART provides support to investigations that are reliant, in whole or in part, upon digital evidence, namely through the acquisition, preservation, examination processing, and presentation of digital information stored in computers or other electronic devices or media. CART analyzes a variety of digital media, including, but not limited to, desktop and laptop computers, CDs, Digital Video Discs, cell phones, digital cameras, digital media players, flash media, and other digital media storage devices.

77.    CART examiners are experts at extracting data from digital media. Providing detailed information about CART software, equipment, techniques, procedures, and/or types of reports generated by CART during their forensic testing processes would impede the FBI's effectiveness in investigating crimes where evidence can be found on computers and other digital media. It would also aid in circumvention of the law by providing criminals the information necessary for them to adjust behavior in order to avoid detection. For example, once it is known that the FBI has the ability to penetrate the security of a device, criminals would be able to shore up those vulnerabilities by developing and/or utilizing technology less susceptible to law enforcement detection, penetration, or scrutiny, and then use or develop that technology to counteract the techniques used by CART. Accordingly, the FBI properly withheld this information pursuant to Exemption 7(E).

*7(E)-15: Investigation Code Names*

78.    In Exemption category 7(E)-15, the FBI withheld non-public details about investigation code names used by the FBI and described in the records responsive to Plaintiffs' request. The FBI relies on code names as a useful investigative technique to conduct investigations. Although it is publicly known the FBI uses code names in investigations, the specific details of these particular code names are not known. In effective FBI investigations, it

is key that the subjects of the investigation and the public are unaware that the investigation is occurring; therefore, publicizing details concerning unknown FBI code names within these investigations would harm the FBI's ability to carry out its law enforcement mission. If the FBI disclosed these non-public code names, it could have devastating operational consequences as it would reveal a technique of continuing value to the FBI for sensitive investigations. Public disclosure of a code name would allow a criminal, adversary, or other individual to patch bits and pieces of information together to assess how code names are used and to tie investigative activities to particular investigations, jeopardizing future use of code names by the FBI in similar cases or under similar circumstances. While disclosure of a case code name within the context of the investigation to which it refers may not seem harmful, this information could be pieced together with public code names to reveal investigative associations. This could enable individuals to connect subjects and investigations, forming a matrix of information that would reveal the extent of investigative information the FBI has compiled, and the focus of its investigative efforts. Thus, disclosure of these details would hinder the FBI's use of a valuable investigative technique and risk circumvention of the law by individuals seeking to evade the FBI's investigative focus. Accordingly, the FBI properly asserted FOIA Exemption 7(E) to protect this information.

<div align="center">INFORMATION SEALED BY COURT ORDER</div>

79.    The FBI withheld responsive information pursuant to a court sealing order. The FBI has found no evidence that these records have been unsealed and has no discretion to release the information. Accordingly, the FBI withheld responsive information it determined to be subject to the court's sealing order at Bates pages FBI(24-cv-5145)-69, 806-848, and 1151-1156. Although the FBI is prohibited from disclosing the contents of the records, the FBI has

determined that should the sealing order be lifted during the pendency of this litigation, the following exemptions apply: FOIA Exemptions 6, and 7(C), 5 U.S.C. § 552(b)(6), and (b)(7)(C).

CONSULTATIONS WITH OTHER GOVERNMENT AGENCIES

80.      The FBI consulted with the DOJ, OIG concerning Bates pages: 1-42, 59-63, 69-848, 856-0897, 1013-1014, 1041-1050, 1066-1082, 1086-1093, 1095-1129, 1135-1138, and 1141-1197. DOJ, OIG requested that information be withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552 (b)(6) and (b)(7)(C). Additionally, the FBI referred documents to DOJ, OIG to be released directly from DOJ, OIG to Plaintiff, concerning Bates pages: 43-58, 64-68, 849-855, 898-1012, 1015-1040, 1051-1065, 1083-1085, 1094, 1130-1134, and 1139-1140. The Declaration of Jacqueline Lightle, attached hereto as Exhibit U, will address these withholdings.

81.      The FBI consulted with the Executive Office for United States Attorneys ("EOUSA") concerning Bates pages: 60 and 1141-1168. EOUSA requested that information be withheld pursuant to FOIA Exemptions 6, 7(C) and 7(E), 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E).  The Declaration of Kara Cain Hollingsworth, attached hereto as Exhibit V, will address these withholdings.

FORESEEABLE HARM STANDARD

82.      The FOIA Improvement Act of 2016 generally adopted the foreseeable harm standard and made it statutory, advising that agencies shall withhold information under the FOIA only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption or disclosure is prohibited by law. Accordingly, the FBI's analysis of records responsive under the FOIA is a two-part process. First, the FBI determines whether a record (or a portion of a record) is exempt pursuant to one or more FOIA exemptions. Second, if the record (or portion thereof) is exempt pursuant to one or more FOIA exemptions, the FBI then considers

37

whether foreseeable harm would result from disclosure of the record (or portion thereof). For the withheld records at issue here (or portions of withheld records), the FBI conducted this two-part analysis and only withheld records (or portions of records) where it determined the withheld record (or portion) met both of these criteria. The FBI's foreseeable harm is more fully described within each of the above coded exemption justification categories.

<div align="center">SEGREGABILITY</div>

83.     As discussed in ¶ 4, *supra*, the FBI identified a total of 1,211 responsive pages: 816 Released in Full ("RIF"), 332 Released in Part ("RIP"), and 63 Withheld in Full ("WIF"). Each of these categories is discussed below to further address segregability.

> a. <u>Pages RIF</u>: Following its segregability review, RIDS determined 816 pages could be released in full without redaction, as there was no foreseeable harm to an interest protected by a FOIA exemption.

> b. <u>Pages RIP</u>: Following its segregability review, RIDS determined 332 pages could be released in part with redactions per the identified FOIA exemptions herein. These pages comprise a mixture of material that could be segregated for release and material that was withheld, as release would trigger foreseeable harm to one or more interests protected by the cited FOIA exemptions on these pages.

> c. <u>Pages WIF</u>: Following its segregability review, RIDS determined 63 pages required withholding in their entirety. RIDS determined all information on each page was covered by one or more of the cited FOIA exemptions; RIDS determined that all information on these pages was either fully covered by one or more of the cited FOIA exemptions and release of any exempt information would trigger foreseeable harm to one or more of the cited FOIA exemptions, or

<div align="center">38</div>

determined that any non-exempt information on these pages was so intertwined with exempt material, no information could be reasonably segregated for release. Any further segregation of this intertwined material would employ finite resources only to produce disjointed words, phrases, or sentences, that taken separately or together, would have minimal or no informational content. Additionally, the FBI withheld 43 pages because they were deemed to be sealed per United States Court order, as described at ¶ 79, *supra*.

## CONCLUSION

84.     The FBI performed adequate and reasonable searches for responsive records, processed all such records, and released all reasonably segregable, non-exempt information from documents responsive to Plaintiffs' FOIA request that are subject to FOIA. The FBI processed the records under the access provisions of the FOIA to achieve maximum disclosure. Information was properly withheld pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E). The FBI carefully examined the documents and determined the information withheld from Plaintiffs in this case, if disclosed, would reveal privileged information; would cause a clearly unwarranted invasion of personal privacy, or could reasonably be expected to constitute an unwarranted invasion of personal privacy; and would disclose techniques and procedures for law enforcement investigations. After extensive review of the documents at issue, the FBI determined that there is no further non-exempt information that can be reasonably segregated and released without revealing exempt information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through V attached hereto, are true and correct copies.

AMIE NAPIER

Digitally signed by AMIE NAPIER
Date: 2026.02.23
11:47:46 -05'00'

Amie Marie Napier
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

     Plaintiffs,

        v.

FEDERAL BUREAU OF INVESTIGATION

     Defendant.

Civil Action No. 24-CV-5145

# Exhibit A

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2022-08-18T18:09:08.515903+00:00 Status: pending Message:

## Organization Representative Information

| | |
|---|---|
| **Organization Name** | Northwest Arkansas Democrat-Gazette |
| **Prefix** | Mr. |
| **First Name** | Mark |
| **Middle Name** | Douglas |
| **Last Name** | Thompson |
| **Suffix** | II |
| **Email** | dthompson@nwaonline.com |
| **Phone** | 479-957-8650 |
| **Location** | United States |

## Domestic Address

| | |
|---|---|
| **Address Line 1** | 212 N. East Avenue |
| **Address Line 2** | |
| **City** | Fayetteville |
| **State** | Arkansas |
| **Postal** | 72701 |

## Agreement to Pay

| How you will pay | I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below. |
|---|---|
| Allow up to $ | 200 |

## Non-Individual FOIA Request

| Request Information | Requesting the findings and final recommendations of charges in the investigation of FBI Special Agent Robert Cessario, who pleaded guilty to one count relating to the deliberate erasing of the hard drive of a FBI laptop computer used to gather evidence in a public corruption investigation. To the best of our knowledge, the Office of Inspector General conducted the investigation and the official investigation case number is: 20018-003004. I am attaching a copy of his plea agreement which, beginning on page 7, gives a description of the factual basis for his guilty plea. The case in which Cessario pleaded guilty is 5:22-cr-50053-PKH. The case in which Mr. Cessario's actions came to light is United States of America vs. Jonathan Woods 5-17-CR-50010-TLB-1. Any privacy considerations are outweighed by the already wide publicity surrounding this case, including coverage of court hearings in 2018 in which Cessario testified and in which his stated rationale for the wiping was described by the presiding judge and the assistant U.S. attorney at the hearing as unbelievable. I will also attach a copy of a representative story in our newspaper's coverage of this matter. We also request a copy of records showing any disciplinary action taken against Cessario, and records when he left the FBI's employ and if he draws a pension from his service there. |
|---|---|

## Expedite

| Expedite Reason | Cessario was lead investigator in a public corruption case that resulted in the criminal convictions of six state legislators -- so far. His criminal act became public knowledge after an open court hearing more than four years ago, and his act was described by the trial judge in that corruption case as "reprehensible" in a court order. His act is a subject of legal appeals in those cases to this day. Full disclosure of what happened here is needed. |
|---|---|

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

        v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 14, 2022

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

FOIPA Request No.: 1557725-000
Subject: CESSARIO, ROBERT

Dear Mr. Thompson:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑   Your request has been received at FBI Headquarters for processing.

☑   You submitted your request via the FBI's eFOIPA system.

    ☐   Future correspondence about your FOIPA request will be provided in an email link unless the record file type is not supported by the eFOIPA system.

    ☑   Correspondence for requests regarding living individuals, or containing audio, video, and high resolution photographs cannot be sent through the eFOIPA system.   Future correspondence about your FOIPA request will be delivered through standard mail.

☐   The subject of your request is currently being processed and documents subject to the FOIPA will be released to you upon completion.

☐   Release of responsive records subject to the FOIPA will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐   Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑   For the purpose of assessing any fees, we have determined:

    ☐   As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐   As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑   As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

       v.                                    Civil Action No. 24-CV-5145

FEDERAL BUREAU OF INVESTIGATION

    Defendant.


# Exhibit C

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 17, 2022

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

FOIPA Request No.: 1557725-000
Subject: CESSARIO, ROBERT

Dear Mr. Thompson:

This is in response to your Freedom of Information Act (FOIA) request to the FBI.   Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIA that are responsive to your request. The records on third party individual(s) you requested are categorically denied pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).   Please be advised that you have not sufficiently demonstrated that the public's interest in disclosure (relating to the operations and activities of the government) outweigh the personal privacy interests of these individual(s).   While the existence of FBI records is acknowledged, the records are exempt from disclosure as processing these third party records would constitute an unwarranted invasion of personal privacy. As a result, your request is closed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

If your request was submitted using the FBI's eFOIPA system, please be advised that your request is not consistent with our terms of service. Therefore, correspondence is being sent to your through standard mail.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)      **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

      a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

      b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

     Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

     Defendant.

Civil Action No. 24-CV-5145

# Exhibit D

JAN 1 0 2022

To: Director, Office of Information Policy, US DoJ    Office of Information Policy

From: Doug Thompson, reporter, Northwest Arkansas Democrat-Gazette newspaper

In Re: Administrative appeal of determination in FOIPA request No. 1557725-000 regarding Robert Cessario

Greetings.

My request was denied citing exemptions, 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). These, of course, regard "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" and "reasonably be expected to constitute an unwarranted invasion of personal privacy."

To recap, while he was a special agent Mr. Cessario destroyed evidence by wiping the hard drive of an FBI laptop used to gather evidence in an investigation. The investigation in question convicted six Arkansas state lawmakers of public corruption. Mr. Cessario's conduct resulted in court hearings in which the presiding U.S. District Judge called his conduct "reprehensible" and both the judge and assistant U.S. Attorneys prosecuting the corruption case called his given reason for the two wipes unbelievable. He has plead guilty to charges arising from this matter and is set for sentencing on Jan. 5.

Mr. Cessario's actions are, to my knowledge, the most egregious conduct by a federal agent in Arkansas to ever become public. I am at a loss to imagine how the public's right to know could outweigh "privacy concerns" if not in this case.

Resolution of Mr. Cessario's case took three years and nine months after the April 2018 court hearing regarding his conduct in United States of America vs. Jonathan Woods 5-17-CR-50010-TLB-1. Evidence by FBI forensic investigators of the computer hardware was given at that hearing. There is clear compelling public interest in what took so long to resolve this matter. Hence my request for "the findings and final recommendations of charges in the investigation of FBI Special Agent Robert Cessario."

I am also at a loss to see why my request for Cessario's last day of work for the FBI is considered a matter of privacy. How long did he remain on the bureau's payroll after admitting to destruction of evidence? Was he the subject of any disciplinary action while he remained in bureau employ? Did his retention while this case came so slowly to a resolution make him eligible for a pension, or for more benefits from a pension? Surely the public's interest in these matters is self-evident.

Doug Thompson, dthompson@nwaonline.com

479.957.8650

Case 5:24-cv-05145-TLB    Document 18-1    Filed 02/24/26    Page 56 of 176 PageID #: 193

Doug Thompson
6238 W. Limerick Way
Fayetteville, AR, 72704

NW ARKANSAS AR 727
28 DEC 2022 PM 1 L

X-RAYED

JAN 09 2023

DOJ MAILROOM

FOREVER / USA

Director, Office of Information Policy
(OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, DC, 20530

MAIL REFERRAL UNIT
JAN -9 2023
REFERRED

READER #2

Freedom of Information Act Appeal

20530-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

     Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

     Defendant.

Civil Action No. 24-CV-5145

# Exhibit E



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*

*441 G Street, NW*

*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

January 11, 2023

dthompson@nwaonline.com

Dear Doug Thompson:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. 1557725 on 01/10/2023.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2023-00588. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

     Plaintiffs,

        v.

FEDERAL BUREAU OF INVESTIGATION

     Defendant.

Civil Action No. 24-CV-5145

# Exhibit F



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mark Douglas Thompson II
6253 W. Limerick Way
Fayetteville, AR  72704
dthompson@nwaonline.com

March 23, 2023
Re:    Appeal No. A-2023-00588
       Request No. 1557725
       MWH: EH

**VIA: Online Portal**

Dear Mark Thompson:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to records concerning a named third party.  I note that your appeal concerns the FBI's categorical denial.

After carefully considering your appeal, and as a result of discussions between the FBI personnel and this Office, I am remanding your request to the FBI for a search for responsive records.  If the FBI locates releasable records, it will send them to you directly, subject to any applicable fees.  You may appeal any future adverse determination made by the FBI.  If you would like to inquire about the status of this remanded request or to receive an estimated date of completion, please contact the FBI directly at (540) 868-1535.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

*Matthew W. Hurd*
X_____
Matthew W. Hurd,
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit G



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

March 27, 2023

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

OIP Appeal Number: 202300588
FOIPA Appeal No.: 1557725-000
Subject: CESSARIO, ROBERT

Dear Mr. Thompson:

This acknowledges your Freedom of Information/Privacy Acts (FOIPA) remanded appeal has been received by the FBI from the Office of Information and Policy for processing.    Below you will find check boxes and informational paragraphs about your request.    Please read each one carefully.

☑    We have opened your remanded appeal and will inform you of the results in future correspondence.

☐    We have converted your NFP into a FOIPA appeal; therefore, the NFP number originally assigned to your request will now appear as the FOIPA appeal number listed above.

☐    Your request for a fee waiver is being considered and you will be advised of the decision if fees are applicable.

Please check the status of your FOIPA request at www.vault.fbi.gov by clicking on "Check Status of your FOI/PA Request."    **Enter the OIP Appeal Number (ex. 201500123) listed above, without hyphens.** Status updates are adjusted weekly.    The status of newly assigned requests may not be available until the next weekly update.    If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

Additional information about the FOIPA can be found at www.fbi.gov/foia.    Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov.    Please reference the FOIPA Request number listed above in all correspondence concerning your request..

Sincerely,

Joseph E. Bender, Jr.
Acting Section Chief
Record/Information Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

        v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit H



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 8, 2024

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

FOIPA Request No.: 1557725-000
Subject: CESSARIO, ROBERT

Dear Mr. Thompson:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request.   Under Department of Justice (DOJ) standards for expedited processing, it can only be granted in the following situations:

**28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

**28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

**28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

**28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

Additional information about the FOIPA can be found at www.fbi.gov/foia.   Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov.   Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.


Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

     Plaintiffs,

        v.

FEDERAL BUREAU OF INVESTIGATION

     Defendant.

Civil Action No. 24-CV-5145

# Exhibit I



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

May 2, 2024

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

FOIPA Request No.: 1557725-000
Subject: CESSARIO, ROBERT

Dear Mr. Thompson:

This is in reference to your Freedom of Information/Privacy Acts (FOIPA) request.   Please see the selected paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

By letter dated August 18, 2022, you indicated your willingness to pay $200.00 in FOIPA processing fees. The Federal Bureau of Investigation (FBI) has located approximately 32,471 pages of records subject to the FOIPA that are potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on a Compact Disc (CD) or through the FBI's eFOIPA system, you will receive the cost equivalent ($5.00) as a credit.

Based upon the FBI's standard release practices and/or release format preferences indicated within your request letter, material responsive to your request will be provided to you through:

☐   The eFOIPA system

☑   CD release(s)

☐   Paper release(s)

If all potentially responsive pages are released on CD or through the eFOIPA system, it is estimated that you will owe $970.00 in duplication fees (65 releases at $15.00 each, less $5.00 credit for the first release). Each release contains approximately 500 reviewed pages. The 500 page estimate is based on our business practice of processing complex cases in interim monthly releases. Should you request that the release be made in paper, it is estimated that you will owe $1,618.55 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

Please reference the information below that may be specific to your request. Only checked boxes contain information relevant to your request.

☑   The FBI located audio and video files that are potentially responsive to the subject of your request. If all of the potentially responsive media is released, it is estimated that you will owe $75.00 (5 CDs at $15.00 each). The estimated number of CDs is based off of our business practice of processing media associated with complex cases in interim monthly releases, and is not synonymous with the number of potentially responsive digital media files.

☐   If receiving your release(s) in paper, it is estimated that you will owe $_____ in international shipping fees.

**The estimated total cost for processing your request is $1,045.00 for CD release(s) or $ 1,693.55 for paper/media release(s).**

Please remember this is only an estimate, some of the information may be withheld in full pursuant to FOIA/Privacy Act exemptions.   Also, some information may not be responsive to your subject.   Thus, the actual charges could be less.

---

**Requester Response**

**No payment is required at this time.** **If you wish to change the requested format of your release(s), you must notify us in writing within thirty (30) days from the date of this letter.   If your request is eligible and consistent with the FBI eFOIPA terms of service, it will automatically be selected as your preferred format.**

**I am requesting my release format be changed to the following:**

☐        CD format

☐        Paper format

**You must also indicate your preference regarding the estimated duplication fees from the following four (4) options:**

☐         I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐        I am willing to pay fees of a different amount.

**Please specify amount:**  _____

☐        Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay international shipping fees.

☐        Cancel my request.

**Include the FOIPA Request Number listed above in any communication regarding this matter**.

---

        You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

        Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

        Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Initial Processing Operations Unit; Record/Information Dissemination Section; Information Management Division; Federal Bureau of Investigation; 200 Constitution Drive; Winchester, VA 22602**.   You may also email your response to foipaquestions@fbi.gov.   Please include the FOIPA Request Number with any communication regarding this matter.

        Additional information about the FOIPA can be found at www.fbi.gov/foia.   Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov.   Please reference the FOIPA Request number listed above in all correspondence concerning your request.

        If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)     **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

         a.    *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
         b.    *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)     **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)     **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

      v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit J



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

December 31, 2024

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

> *Doug and Lisa Thompson v. FBI*
> Civil Action No.: *24-cv-5145*
> FOIPA Request No.: 1557725-000
> Subject: CESSARIO, ROBERT (SPECIFIC DOCUMENTS)

Dear Mr. Thompson:

The FBI has completed its interim review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. Documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

500 pages were reviewed and 0 pages are being released.

Based on the information you provided, we conducted a main entity record search of the Central Records System (CRS) per our standard search policy. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

This is the first **interim release** of information responsive to your narrowed FOIPA request. Processed records were appropriately Bates stamped FBI(24-cv-5145)-1 through FBI(24-cv-5145)-500.

Document(s) were located which originated with, or contained information concerning, an Other Government Agency [OGA]. We are consulting with the other agency and are awaiting their response. The FBI will correspond with you regarding the document(s) when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)     **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records or administrative records of previous FOIPA requests.

         a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
         b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)     **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)     **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

      v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit K



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 31, 2025

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

*Doug and Lisa Thompson v. FBI*
Civil Action No.: *24-cv-5145*
FOIPA Request No.: 1557725-000
Subject: CESSARIO, ROBERT (SPECIFIC DOCUMENTS)

Dear Mr. Thompson:

The FBI has completed its interim review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below, you will find checked boxes next to applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain the justification for withheld information.

|  **Section 552** |  |  **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
|  | ☐ (b)(7)(D) | ☐ (k)(2) |
|  | ☑ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

500 pages were reviewed, and 304 pages are being released.

Please see the paragraphs below for relevant information specific to your request, and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

This is the second interim release of information responsive to your narrowed FOIPA request. Processed records were appropriately Bates stamped FBI(24-cv-5145)-501 through FBI(24-cv-5145)-1000.

Sealed court records are not eligible for release under the Freedom of Information Act. Material responsive to your request has been withheld and marked "OTHER-Sealed" pursuant to appropriate order(s) issued by federal district courts.

Documents were located which originated with, or contained information concerning, an Other Government Agency (OGA). We are consulting with the other agency and are awaiting their response. The FBI will correspond with you regarding the documents when the consultation is completed.

You were previously advised we were consulting with another agency concerning information related to your FOIPA request. A portion of that information has been returned to the FBI and is enclosed. Processed records related to this consult are appropriately Bates stamped FBI(24-cv-5145)-1 through FBI(24-cv-5145)-42; FBI(24-cv-5145)-61 through FBI(24-cv-5145)-63; and FBI(24-cv-5145)-69 through FBI(24-cv-5145)-500.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.    **"Part 1"** of the Addendum includes standard responses that apply to all requests.    **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.    Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   If possible, please provide a copy of your original request and this response letter with your appeal.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)      **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

> a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
> b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)     **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal   privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit L



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 28, 2025

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

*Doug and Lisa Thompson v. FBI*
Civil Action No.: *24-cv-5145*
FOIPA Request No.: 1557725-000
Subject: CESSARIO, ROBERT (SPECIFIC DOCUMENTS)

Dear Mr. Thompson:

The FBI has completed its interim review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below, you will find checked boxes next to applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain the justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

211 pages were reviewed, and 6 pages are being released.

Please see the paragraphs below for relevant information specific to your request, and see the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

This is the third interim release of information responsive to your narrowed FOIPA request. Processed records were appropriately Bates stamped FBI(24-cv-5145)-1001 through FBI(24-cv-5145)-1211.

Documents were located which originated with, or contained information concerning, an Other Government Agency (OGA). We are consulting with the other agency and are awaiting their response. The FBI will correspond with you regarding the documents when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)    **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)    **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)    **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

   a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal   privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

      v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit M

MP F(

## A-2025-01143

**Requester:** Thompson, Mark D

Status: Submitted    Last Event: Appeal Submitted    Last Event Date: 03/25/2025    Attorney:

**Appeal** | Document | Event | Note

### Appeal Information

| | | | |
|---|---|---|---|
| Received Date | 03/25/2025 (mm/dd/yyyy) Ⓡ | Agency | OIP |
| Due Date | 04/22/2025 | Document Delivery Method | Email |
| Receipt Method | Electronic | Topic | |
| Appeal Is In Litigation | No | Assigned Attorney | |
| Unusual Circumstances | | | |
| Track | | | |
| Significant | ○ Yes ◉ No | | |
| Coordination | ○ Yes ◉ No | | |

### Request Information

| | |
|---|---|
| Request Number | 15557725-000 |
| Component | FBI Ⓡ |
| Component Email | fbi.foipa.appeal@fbi.gov |
| Subject of Request | Cessario, Robert (Specific Documents) |

### Basis for Appeal

Description of Appeal

This subject matter of the FOIA request from which this appeal is taken is the basis of litigation currently pending before the U.S. District Court, Western District of Arkansas, Case No. 5:24-CV-5145. The production made and dated December 31, 2024 was pursuant to the U.S. District Court's Case Management Order dated November 26, 2024. The requester's position is that the production made and dated December 31, 2024 is inconsistent with what was contemplated by requester or the U.S. District Court; however, the requester is mindful of the March 31, 2025 deadline for the F.B.I. to produce the required Vaughn index. The requester believes that jurisdiction over this dispute is properly before the U.S. District Court, Western District of Arkansas, and that F.B.I.'s December 31, 2024 correspondence offering administrative appeal (over the signature of Michael G. Seidel, Section Chief) is inconsistent with the principle of separation of powers, the requester nevertheless lodges this appeal in order to avoid any (without merit) claim of failure to exhaust administrative remedies. The specific

Based on Denial of Fee Waiver
○ Yes ● No

Based on Denial of Expedited Processing
○ Yes ● No

Requester Item Type 1
| Supplemental Information ⌄ |

Requester Items 1
📎 2. Complaint.pdf  [ Replace | Remove ]

Requester Item Type 2
| ⌄ |

Requester Items 2
| |

Requester Item Type 3
| ⌄ |

Requester Items 3
| |

**Requester Contact Information**

🔍 Search Requester

| | | | | |
|---|---|---|---|---|
| Salutation | Mr. ⌄ | | Address Type | ⌄ |
| First Name | Mark | Ⓡ | Country | ⌄ |
| Middle Name | Douglas | | Address Line 1 | |
| Last Name | Thompson | Ⓡ | Address Line 2 | |
| Email Address | vchadick@qgtlaw.com | Ⓡ | City | |
| Organization | | | State | ⌄ |
| Register Number | | | Zip/Postal Code | |
| Phone Number | | | | |
| Fax Number | | | | |
| Other Information | | | | |

**Expedited Processing Information**

Expedited Processing Requested?
| No ⌄ |

**Form Record Audit**

Save     Delete

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit N



**U.S. Department of Justice**

Office of Information Policy
Sixth Floor
441 G Street, NW
Washington, DC 20530-0001

_Telephone: (202) 514-3642_

March 26, 2025

Mark Thompson

,
vchadick@qgtlaw.com

Dear Mark Thompson:

    This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Federal Bureau of Investigation regarding Request No. 15557725-000 on 03/25/2025.

    In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2025-01143. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

    We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at 202-514-3642. If you have submitted your appeal through Freedom of Information Act STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

_Priscilla Jones_

Priscilla Jones
Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit O



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

March 31, 2025

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

*Doug and Lisa Thompson v. FBI*
Civil Action No.: *24-cv-5145*
FOIPA Request No.: 1557725-000
Subject: CESSARIO, ROBERT (SPECIFIC
DOCUMENTS)

Dear Mr. Thompson:

You were previously advised we were consulting with another agency concerning information related to your Freedom of Information/Privacy Acts (FOIPA) request.

A portion of that information has been returned to the FBI and is enclosed. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below, you will find checked boxes next to applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. An Explanation of Exemptions is enclosed to further explain the justification for withheld information.

|  | **Section 552** |  | **Section 552a** |
|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
|  | ☐ (b)(7)(D) | ☐ (k)(2) |
|  | ☑ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

88 pages were reviewed, and 88 pages are being released.

☑ The appropriate redactions were made by the Executive Office for United States Attorneys (EOUSA).

Please see the paragraphs below for relevant information specific to your request, and see the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

This is the fourth interim release of information responsive to your narrowed FOIPA request.

Sealed court records are not eligible for release under the Freedom of Information Act. Material responsive to your request has been withheld and marked "OTHER-Sealed" pursuant to appropriate order(s) issued by federal district courts.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

   a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit P



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

---

*Telephone: (202) 514-3642*

Mark Thompson

Re:    Appeal No. A-2025-01143

Request No. 15557725-000

vchadick@qgtlaw.com

**VIA: Online Portal - 5/13/2025**

Dear Mark Thompson:

You appealed from the action of the Federal Bureau of Investigation (FBI) on your Freedom of Information Act (FOIA) request for access to certain records concerning FBI Special Agent Robert Cessario. I note that your appeal concerns the FBI's production dated December 31, 2024.

I have been informed that you filed a lawsuit concerning the FBI's action in the United States District Court for the Western District of Arkansas. As indicated in the Department of Justice's regulations located at 28 C.F.R. § 16.8(b)(2) (2024), an appeal ordinarily will not be acted upon by this Office if the FOIA request becomes the subject of litigation. For this reason, I am closing your appeal file in this Office.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X*Jillian Warzynski*

Jillian Warzynski,
Associate Chief, for
Christina Troiani, Chief,
Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

      v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit Q



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 6, 2025

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

> *Doug and Lisa Thompson v. FBI*
> Civil Action No.: *24-cv-5145*
> FOIPA Request No.: 1557725-000
> Subject: CESSARIO, ROBERT (SPECIFIC DOCUMENTS)

Dear Mr. Thompson:

You were previously advised we were consulting with another agency concerning information related to your Freedom of Information/Privacy Acts (FOIPA) request.

A portion of that information has been returned to the FBI and is enclosed. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below, you will find checked boxes next to applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. An Explanation of Exemptions is enclosed to further explain the justification for withheld information.

|  **Section 552**  |  |  **Section 552a**  |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

89 pages were reviewed, and 89 pages are being released.

☑ The appropriate redactions were made by the Department of Justice, Office of the Inspector General (OIG).

Please see the paragraphs below for relevant information specific to your request, and see the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

This is the fifth interim release of information responsive to your narrowed FOIPA request.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.
- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Please direct any further inquiries about this case to the attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)      **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

   a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)     **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

                                                                                                FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

     Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

     Defendant.

Civil Action No. 24-CV-5145

# Exhibit R



U.S. Department of Justice

_____

**Federal Bureau of Investigation**

Washington, D.C. 20535

August 29, 2025

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

Doug and Lisa Thompson v. FBI
Civil Action No.: *24-cv-5145*
FOIPA Request No.: 1557725-000
Subject: CESSARIO, ROBERT (SPECIFIC DOCUMENTS)

Dear Mr. Thompson:

You were previously advised we were consulting with another agency concerning information related to your Freedom of Information/Privacy Acts (FOIPA) request. To expedite the processing of your FOIPA request, the Department of Justice, Office of the Inspector General's (OIG) office has been asked to provide you with the final production of the documents which were initially sent to OIG for consultation.

Inquiries regarding the remaining documents responsive to your FOIPA request may be directed to Department of Justice, Office of the Inspector General, 950 Pennsylvania Avenue, Room 4726, Washington, D.C. 20530-0001.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**. To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records or administrative records of previous FOIPA requests.

   a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON,

     Plaintiffs,

        v.

FEDERAL BUREAU OF INVESTIGATION

     Defendant.

Civil Action No. 24-CV-5145

# Exhibit S



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 12, 2026

MR. MARK DOUGLAS THOMPSON II
NORTHWEST ARKANSAS DEMOCRAT-GAZETTE
212 NORTH EAST AVENUE
FAYETTEVILLE, AR 72701

> *Doug and Lisa Thompson v. FBI*
> Civil Action No.: *24-cv-5145*
> FOIPA Request No.: 1557725-000
> Subject: CESSARIO, ROBERT (SPECIFIC DOCUMENTS)

Dear Mr. Thompson:

In response to your Freedom of Information Act (FOIA) request and subsequent civil action case pending in the U.S. District Court for the District of Columbia, enclosed is one (1) compact disc containing a supplemental release of records previously provided to you by letters dated February 28, 2025 and March 31, 2025.

While conducting an additional review of these responsive records, it was determined by the Federal Bureau of Investigation that additional information was able to be segregated for release to you on seven (7) pages, Bates-numbered FBI(24-cv-5145)-856, FBI(24-cv-5145)-1141, FBI(24-cv-5145)-1142, FBI(24-cv-5145)-1168, FBI(24-cv-5145)-1196, FBI(24-cv-5145)-1198, and FBI(24-cv-5145)-1199.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Amie M. Napier
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)  **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)  **Intelligence Records**. To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)  **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)  **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)  **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)  **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

    a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

    b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)  **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)  **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

      Plaintiffs,

         v.

FEDERAL BUREAU OF INVESTIGATION

      Defendant.

Civil Action No. 24-CV-5145

# Exhibit T

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS**
*Doug Thompson and Lisa Thompson v. FBI*
**24-cv-5145**

| Page Disposition Totals |
|---|
| |
| <u>Total:</u> **1211** |

<div style="padding-left:2em">

RIF: 816
RIP: 332
WIF: 63
    • FOIA Exemption(s):        20
    • Sealed Records:        43

</div>

## Exemption Application Index

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **EXEMPTION (b)(5)** | **PRIVILEGED INFORMATION** |
| (b)(5)-1 | Deliberative Process Privilege |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-0 and (b)(7)(C)-0 | Personally Identifiable Information of Robert Cessario |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Other Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Other Identifying Information of Third Parties who Provided Information |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Other Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-4, 12 and (b)(7)(C)-4, 12[1] | Name and Other Identifying Information of a Person of Investigative Interest |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Other Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-6 and (b)(7)(C)-6 | Names of Local Law Enforcement Personnel |
| (b)(6)-8 and (b)(7)(C)-8 | Name and Other Identifying Information of a Third-Party Victim |
| (b)(6)-9 and (b)(7)(C)-9 | Names of Commercial Institution Personnel |
| (b)(6)-11 and (b)(7)(C)-11 | Names and Identifying Information of Local Government Personnel |
| **EXEMPTION (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-1 | Sensitive Investigative File Numbers |
| (b)(7)(E)-3 | FBI Internal E-mail Addresses, Non-Public Web Addresses, Telephone Numbers, and Internal E-mail Tools |
| (b)(7)(E)-4 | Collection and Analysis of Information |
| (b)(7)(E)-5 | Focus of Specific Investigations |
| (b)(7)(E)-11 | Computer Analysis Response Team Reports and/or Data |

| (b)(7)(E)-15 | Investigation Code Names |
|---|---|

[1]The FBI consolidated Exemptions (b)(6)-4 and (b)(7)(C)-4 with (b)(6)-12 and (b)(7)(C)-12.

| INDEX KEY ||
|---|---|
| FOIA WIF: | Withheld in full pursuant to FOIA exemptions |
| Seal WIF: | Withheld in full pursuant to a federal court sealing order |
| RIF: | Released in Full |
| RIP: | Released in Part |
| Per OIG: | Information was withheld by the Office of Inspector General |
| Per EOUSA: | Information was withheld by the Executive Office for United States Attorneys |
|  |  |

| FBI DOCUMENT TYPES |
|---|
| • Electronic Communications (ECs)/ FD-1057s: ECs replaced the traditional FBI correspondence (i.e., Memoranda and Letters) as the primary vehicle of correspondence within the FBI.  The purpose of an EC is to communicate within the FBI in a consistent format that can be uploaded by the originating division or office, transmitted, and downloaded by recipient divisions or offices within the FBI's internal computer network.  These forms are often utilized to record and disseminate intelligence/investigative information and for general investigation administration purposes. |
| • Documents Implementing Sensitive Investigative Technique:  These documents were utilized to implement a specific, sensitive, investigative technique.  Describing these documents further would reveal this technique or sensitive data concerning this technique. |
| • Electronic Mail Messages (E-mails):  These documents consist of e-mails between FBI personnel, between FBI personnel and private citizens/corporations, between FBI personnel and Other Government Agency (OGA) personnel, and/or between FBI personnel and state and local law enforcement agencies.. |
| • FD-1036 – Sentinel Import Forms:  These are administrative forms attached to documents that are imported into the FBI's case management system, Sentinel. |
| • Memorandum:  These are ordinarily communications to DOJ officials, from one person to another at FBIHQ, or from one person to another within an FBI field office.  They serve to assist in the overall supervision of a case by summarizing pertinent details of an investigation. |
| • Other Government Agency Information:  These are documents provided to the FBI by other federal government agencies.  This information can be incorporated in FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts |
| • Other Evidentiary Documents:  This category consists of any evidentiary documents gathered during the course of FBI investigations. The information in these documents is often incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts. |
| • Internal Electronic Mail Messages (E-mails):  These documents consist of e-mails between FBI personnel discussing investigative matters. |
| • Photographs:  This category consists of photographs taken and or collected in the course of the FBI investigations. |
| • FBI Letters:  The FBI letter is the formal correspondence format used to communicate with non-FBI entities, including but not limited to, other federal agencies, other non-federal law enforcement agencies, commercial businesses, and/or private citizens.  Its format is identical to business letters utilized by commercial agencies, except that it contains the FBI Seal at the top of the first page. |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Robert Cessario February 12, 2019 Office of Inspector General (OIG) Report of Investigation | FBI(24-cv-5145)-00001 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00002 | | x | | x | | | x | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00003 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00004 | | x | x | x | | | x | | | x | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00005 | | | x | x | | | x | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00006 | | | | | | | x | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00007 | | | | | | | x | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00008 | | x | x | x | | | | | x | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00009 | | x | | x | x | | x | | | | | | | | | | | x | | | | | x | | |
| List of Exhibits | FBI(24-cv-5145)-00010 | | x | x | x | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00011 | | | | x | | | | | | | | | | | | | | x | | | | | x | | |
| FBI internal email communications and attached Incident Referral for Cessario | FBI(24-cv-5145)-00012 | | x | x | | | | | | | | | | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00013 | | x | x | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00014 | | | x | | | | | | | | | | | | | | | | | | | | x | | |
| FBI internal email communications and attached Incident Referral for Cessario. | FBI(24-cv-5145)-00015 | | | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00016 | | | | | | | | | | | | | | | | | x | | | | | | x | | |
| DOJ letter to Counsel for Defendants Woods, Paris & Shelton | FBI(24-cv-5145)-00017 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00018 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00019 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Cessario employment chart | FBI(24-cv-5145)-00020 | | x | | | | | | | | | | | x | | | | | | | | | | x | | |
| Administrative Document Unrelated to Court Cases. | FBI(24-cv-5145)-00021 | | | | | | | | | | | | | | | | | | | | | | | | | x |
| 3rd party employment document | FBI(24-cv-5145)-00022 | | | x | | | | | | | | | | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00023 | | | x | | | | | | | | | | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00024 | | | x | | | | | | | | | | x | | | | | | | | | | x | | |
| Coversheet and Scanned Photo of CD containing Cessario's Unclassified emails and text messages dated 2/13/2018 | FBI(24-cv-5145)-00025 | | x | x | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00026 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00027 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00028 | | | | | | | | | | | | | | | | x | | | | | | | x | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Enterprise Security Operations Center (ESOC) Request for Unet email and Android data from Cessario's computer and phone to check for tampering | FBI(24-cv-5145)-00029 | | x | x | | | | | | | | | x | x | | x | | | | | | | | x | | |
| | FBI(24-cv-5145)-00030 | | | | | | | | | | | | | x | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00031 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00032 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| FBI letter dated 2/9/2018 to DOJ OIG providing the Technical Report Analysis of the Unet emails and text messages | FBI(24-cv-5145)-00033 | | x | x | | | | | | | | | x | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00034 | | x | x | | | | | | | | | x | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00035 | | | x | | | | | | | | | | x | | | | | | | | | | x | | |
| OIG Email and attachments requesting ESOC technical assistance for Cessario | FBI(24-cv-5145)-00036 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00037 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00038 | | x | | | | | | | | | | | x | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00039 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Electronic Communication (EC) dated 9/24/2018 Requesting Polygraph examination for Cessario | FBI(24-cv-5145)-00040 | | x | x | | | | | | | | | | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00041 | | x | | | | | | | x | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00042 | | x | | | | | | | | | | | | | | | | x | | | | | x | | |
| OIG Memorandum of Investigation dated 1/29/2018 regarding Electronic Evidence from Cessario | FBI(24-cv-5145)-00043 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-00044 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| OIG Evidence Custody Document dated 1/16/2018 | FBI(24-cv-5145)-00045 | | | x | | | | | | | | | | | x | | | | x | | | | | x | | |
| OIG Evidence Custody Document dated 1/16/2018 | FBI(24-cv-5145)-00046 | | | x | | | | | | | | | | | x | | | | x | | | | | x | | |
| Receipt for Cash or Other Items dated 1/16/2018 | FBI(24-cv-5145)-00047 | | | x | | | | | | | | | | | x | | | | x | | | | | x | | |
| Attachment 2 Label | FBI(24-cv-5145)-00048 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Attachment 3 Label | FBI(24-cv-5145)-00049 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| FedEx Coversheet dated 2/7/2018 | FBI(24-cv-5145)-00050 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12² | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Attachment 4 Label | FBI(24-cv-5145)-00051 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| OIG Evidence Disposition Document dated 1/24/2018 | FBI(24-cv-5145)-00052 | | | x | | | | | | | | | | x | x | | | | x | | | | | x | | |
| OIG Memorandum of Investigation dated 2/5/2018 regarding Cessario's FBI issued cell phone | FBI(24-cv-5145)-00053 | x | | | | | | x | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-00054 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| OIG Email dated 1/24/20218 between third party individuals regarding Yahoo Email | FBI(24-cv-5145)-00055 | x | | | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 2 Label | FBI(24-cv-5145)-00056 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Email History undated | FBI(24-cv-5145)-00057 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Email History undated | FBI(24-cv-5145)-00058 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Attachment 3 Label | FBI(24-cv-5145)-00059 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| DOJ communication to Defendants counsel regarding discovery materials dated 1/24/2018 | FBI(24-cv-5145)-00060 | | | | | | | | | | | | | | | | | | | x | | | | x | | |
| Attachment 4 Label | FBI(24-cv-5145)-00061 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| DOJ letter to Yahoo Custodian of Records dated 1/25/2018 requesting all stored communications for Cessario's email | FBI(24-cv-5145)-00062 | x | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00063 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| OIG Report of Forensic Examination dated 1/9/2018 | FBI(24-cv-5145)-00064 | | | | | | | | | | | | | | x | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00065 | | | | | | | | | | | | | x | x | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00066 | | | | | | | | | | | | | | x | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00067 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Attachments 1 - 10 Label | FBI(24-cv-5145)-00068 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OIG Memorandum of Investigation dated 3/12/2018 relating to the United States District Court Transcript for Evidentiary Hearing | FBI(24-cv-5145)-00069 | | | x | | | | | | | | | | | | | | | x | | | x | | x | | |
| | FBI(24-cv-5145)-00070 | | | x | | | | x | | | | | | | | | | | | | | | | x | | |
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing dated 1/25/2018 | FBI(24-cv-5145)-00071 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00072 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00073 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00074 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00075 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00076 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00077 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00078 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00079 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00080 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00081 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00082 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00083 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00084 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00085 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00086 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00087 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00088 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00089 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00090 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00091 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00092 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00093 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00094 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00095 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00096 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00097 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00098 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00099 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00100 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00101 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00102 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00103 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00104 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00105 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00106 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00107 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00108 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00109 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00110 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00111 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00112 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00113 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00114 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00115 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00116 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00117 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00118 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00119 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00120 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00121 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00122 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00123 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00124 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00125 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00126 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00127 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00128 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00129 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00130 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00131 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00132 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00133 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00134 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00135 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00136 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00137 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00138 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00139 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00140 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00141 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00142 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00143 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00144 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00145 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00146 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00147 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00148 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00149 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00150 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00151 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00152 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00153 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00154 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00155 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00156 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00157 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00158 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00159 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00160 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00161 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00162 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00163 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00164 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00165 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00166 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00167 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00168 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00169 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00170 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00171 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00172 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00173 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00174 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00175 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00176 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00177 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00178 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00179 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00180 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00181 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00182 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00183 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00184 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00185 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00186 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00187 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00188 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00189 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00190 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00191 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00192 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00193 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00194 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00195 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00196 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00197 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00198 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00199 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00200 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00201 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00202 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00203 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00204 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00205 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00206 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00207 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00208 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00209 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00210 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00211 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00212 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00213 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00214 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00215 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00216 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00217 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00218 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00219 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00220 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00221 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00222 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00223 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00224 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00225 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00226 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00227 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00228 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00229 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00230 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00231 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00232 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00233 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00234 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00235 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00236 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00237 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00238 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00239 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00240 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00241 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00242 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00243 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00244 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00245 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00246 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00247 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00248 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00249 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00250 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00251 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00252 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00253 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00254 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00255 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00256 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00257 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00258 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00259 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00260 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00261 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00262 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00263 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00264 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00265 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00266 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00267 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00268 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00269 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00270 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00271 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00272 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00273 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00274 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00275 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00276 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00277 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00278 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00279 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00280 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00281 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00282 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00283 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00284 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00285 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00286 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00287 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00288 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00289 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00290 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00291 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00292 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00293 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00294 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00295 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00296 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00297 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00298 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00299 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00300 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00301 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00302 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00303 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00304 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00305 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00306 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00307 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00308 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00309 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00310 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00311 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00312 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00313 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00314 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00315 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00316 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00317 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00318 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00319 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00320 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00321 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00322 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00323 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00324 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00325 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00326 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00327 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00328 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00329 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00330 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00331 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00332 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00333 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00334 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00335 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00336 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00337 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00338 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00339 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00340 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00341 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00342 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00343 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00344 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00345 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00346 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00347 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00348 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00349 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00350 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00351 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00352 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00353 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00354 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00355 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00356 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00357 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00358 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00359 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00360 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00361 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00362 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00363 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00364 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00365 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00366 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00367 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00368 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00369 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00370 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00371 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00372 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00373 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00374 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00375 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00376 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00377 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00378 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00379 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00380 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00381 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00382 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00383 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00384 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00385 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00386 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00387 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00388 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00389 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00390 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00391 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00392 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00393 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00394 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00395 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00396 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00397 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00398 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00399 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00400 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00401 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00402 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00403 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00404 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00405 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00406 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00407 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00408 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00409 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00410 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00411 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00412 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00413 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00414 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00415 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00416 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00417 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00418 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00419 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00420 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00421 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00422 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00423 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00424 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00425 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00426 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00427 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00428 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00429 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00430 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00431 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00432 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00433 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00434 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00435 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00436 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00437 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00438 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00439 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00440 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00441 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00442 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00443 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00444 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00445 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00446 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00447 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00448 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00449 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00450 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00451 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00452 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00453 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00454 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00455 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00456 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00457 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00458 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00459 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00460 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00461 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00462 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00463 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00464 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00465 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00466 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00467 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00468 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00469 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00470 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00471 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00472 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00473 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00474 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00475 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00476 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00477 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00478 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00479 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00480 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00481 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00482 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00483 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00484 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00485 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00486 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00487 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00488 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00489 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00490 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00491 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00492 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00493 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00494 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00495 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00496 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00497 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00498 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00499 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00500 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00501 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00502 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00503 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00504 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00505 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00506 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00507 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00508 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00509 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00510 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00511 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00512 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00513 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00514 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00515 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00516 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00517 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00518 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00519 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00520 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00521 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00522 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00523 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00524 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00525 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00526 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00527 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00528 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00529 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00530 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00531 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00532 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00533 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00534 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00535 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00536 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00537 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00538 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00539 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00540 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00541 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00542 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00543 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00544 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00545 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00546 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00547 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00548 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00549 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00550 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00551 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00552 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00553 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00554 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00555 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00556 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00557 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00558 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00559 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00560 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00561 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00562 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00563 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00564 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00565 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00566 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00567 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00568 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00569 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00570 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00571 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00572 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00573 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00574 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00575 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00576 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00577 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00578 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00579 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00580 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00581 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00582 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00583 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00584 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00585 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00586 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00587 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00588 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00589 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00590 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00591 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00592 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00593 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00594 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00595 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00596 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00597 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00598 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00599 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00600 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00601 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00602 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00603 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00604 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00605 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00606 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00607 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00608 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00609 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00610 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00611 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00612 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00613 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00614 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00615 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00616 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00617 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00618 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00619 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00620 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00621 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00622 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00623 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00624 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00625 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00626 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00627 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00628 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00629 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00630 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00631 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00632 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00633 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00634 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00635 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00636 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00637 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00638 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00639 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00640 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00641 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00642 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00643 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00644 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00645 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00646 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00647 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00648 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00649 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00650 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00651 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00652 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00653 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00654 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00655 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00656 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00657 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00658 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00659 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00660 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00661 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00662 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00663 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00664 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00665 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00666 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00667 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00668 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00669 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00670 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00671 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00672 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00673 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00674 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00675 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00676 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00677 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00678 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00679 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00680 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00681 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00682 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00683 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00684 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00685 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00686 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00687 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00688 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00689 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00690 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00691 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00692 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00693 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00694 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00695 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00696 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00697 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00698 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00699 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00700 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00701 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00702 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00703 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00704 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00705 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00706 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00707 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00708 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00709 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00710 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00711 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00712 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00713 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00714 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00715 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00716 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00717 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00718 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00719 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00720 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00721 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00722 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00723 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00724 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00725 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00726 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00727 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00728 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00729 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00730 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00731 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00732 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00733 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00734 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00735 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00736 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00737 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00738 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00739 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00740 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00741 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00742 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00743 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00744 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00745 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00746 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00747 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00748 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00749 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00750 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00751 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00752 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00753 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00754 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00755 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00756 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00757 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00758 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00759 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00760 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00761 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00762 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00763 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00764 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00765 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00766 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00767 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00768 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00769 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00770 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00771 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00772 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00773 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00774 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00775 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00776 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00777 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00778 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00779 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00780 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00781 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| United States District Court Western District of Arkansas case 5:17-cr-50010 Reporter's Record Evidentiary Hearing (cont'd) | FBI(24-cv-5145)-00782 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00783 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00784 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00785 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00786 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00787 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00788 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00789 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00790 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00791 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00792 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00793 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00794 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00795 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00796 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00797 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00798 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00799 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00800 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00801 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00802 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00803 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00804 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Attachment 2 Label | FBI(24-cv-5145)-00805 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | FBI(24-cv-5145)-00806 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00807 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00808 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00809 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00810 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00811 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00812 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00813 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00814 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00815 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00816 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00817 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00818 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00819 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00820 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00821 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00822 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00823 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00824 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00825 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00826 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| Sealed court transcript | FBI(24-cv-5145)-00827 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00828 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00829 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00830 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00831 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00832 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00833 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00834 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00835 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00836 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00837 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00838 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00839 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00840 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00841 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00842 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00843 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00844 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00845 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00846 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00847 | | | | | | | | | | | | | | | | | | | | | x | | | | x |
| | FBI(24-cv-5145)-00848 | | | | | | | | | | | | | | | | | | | | | x | | | | x |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OIG Memorandum of Investigation dated 2/8/2019 | FBI(24-cv-5145)-00849 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-00850 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Email from third party individual to OIG, dated 1/31/2019 regarding Request transcript in last weeks hearing on Public Corruption Trial | FBI(24-cv-5145)-00851 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| OIG Memorandum of Investigation dated 3/23/2018 regarding Memorandum Opinions and Order written by Judge Timothy Brooks | FBI(24-cv-5145)-00852 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00853 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00854 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00855 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| United States v. Woods, 319 F. Supp.3d 1124 (2018) signed 3/2/2018[1] | FBI(24-cv-5145)-00856 | x | | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-00857 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00858 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00859 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00860 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00861 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00862 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00863 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00864 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00865 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00866 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00867 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00868 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00869 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00870 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00871 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00872 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00873 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00874 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00875 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00876 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00877 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00878 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00879 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00880 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00881 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00882 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00883 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-00884 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OIG Memorandum of Investigation regarding search warrant for Cessario | FBI(24-cv-5145)-00885 | | x | | | | | | | | | | | | | | | | x | | | | | x | | |
| Business Records Declaration dated 4/3/2018 | FBI(24-cv-5145)-00886 | | x | | | | | | | | | | | | | | | | x | | | | | x | | |
| Yahoo! Memo dated 4/3/2018 to a Third Party | FBI(24-cv-5145)-00887 | | x | | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 2 Label | FBI(24-cv-5145)-00888 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| See Provided CD/DVD Label | FBI(24-cv-5145)-00889 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| OIG Memorandum of Investigation dated 2/5/2018 regarding Interview of Ozark Computer Works Technician Luper | FBI(24-cv-5145)-00890 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00891 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-00892 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Ozark Computer Works Invoice dated 6/3/2013 | FBI(24-cv-5145)-00893 | | x | | | | | | | | | | | | | | | | x | | | | | x | | |
| Ozark Computer Works Invoice dated 12/4/2017 | FBI(24-cv-5145)-00894 | | x | | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 3 Label | FBI(24-cv-5145)-00895 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Online Support System | FBI(24-cv-5145)-00896 | | x | | | | | | | | x | | | | | | | | x | | | | | x | | |
| Ticket dated 1/26/2018 | FBI(24-cv-5145)-00897 | | | | | | | | | | x | | | | | | | | | | | | | x | | |
| OIG Memorandum of Investigation dated 10/12/2018 regarding interview of Cessario | FBI(24-cv-5145)-00898 | | x | | x | x | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-00899 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| DOJ OIG Form III-226/5 dated 9/27/2018 | FBI(24-cv-5145)-00900 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 2 Label | FBI(24-cv-5145)-00901 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Blank Page | FBI(24-cv-5145)-00902 | | | | | | | | | | | | | | | | | | | | | | x | | | |

Page 22

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | FBI(24-cv-5145)-00903 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00904 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00905 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00906 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00907 | x | | | | x | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00908 | x | | | | x | | x | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00909 | x | | | | x | x | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00910 | x | | | | x | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00911 | x | | | | x | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00912 | x | | | | x | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00913 | x | | | | x | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00914 | x | | | | x | x | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00915 | x | | | | x | x | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00916 | x | | | | x | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00917 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00918 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00919 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00920 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00921 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| Interview of Robert Cessario, dated September 27, 2018 | FBI(24-cv-5145)-00922 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00923 | x | | | x | | | x | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00924 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00925 | x | | | x | x | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00926 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00927 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00928 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00929 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00930 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00931 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00932 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00933 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00934 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00935 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00936 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00937 | x | x | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00938 | x | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00939 | x | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00940 | | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00941 | | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00942 | | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00943 | | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-00944 | | | | | | | | | | | | | | | | | | | | | | | x | | | |
| OIG Memorandum of Investigation dated 1/29/2018 regarding interview of Third Party | FBI(24-cv-5145)-00945 | | | x | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00946 | | | x | | | | | | | | | | | | | | | | x | | | | | x | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sworn Statement of Third Party dated 1/16/2018 | FBI(24-cv-5145)-00947 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00948 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00949 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00950 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00951 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00952 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00953 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00954 | | | x | | x | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00955 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00956 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00957 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00958 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00959 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00960 | | | x | | | | | | | | | | | | x | | x | x | | | | | | x | | |
| | FBI(24-cv-5145)-00961 | | | x | | | | | | | | | | | | x | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00962 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00963 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00964 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00965 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00966 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00967 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00968 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00969 | | x | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00970 | | x | x | | | | | | | | | | | x | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00971 | | x | x | | x | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00972 | | | x | | x | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00973 | | x | x | | x | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00974 | | x | x | | x | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00975 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00976 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00977 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00978 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00979 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| | FBI(24-cv-5145)-00980 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-00981 | | | | | | | | | | | | | | | | | | | | | | x | | | | |
| OIG Memorandum of Investigation dated 1/29/2018 regarding interview of Third Party | FBI(24-cv-5145)-00982 | | | x | | | | | | | | | | | | | | | x | | | | | | x | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sworn Statement of Third Party dated 1/22/2018 | FBI(24-cv-5145)-00983 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00984 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00985 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00986 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00987 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00988 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00989 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00990 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00991 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00992 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00993 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00994 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00995 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00996 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00997 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00998 | | | x | | | | | | | | | | | | x | | | x | | | | | x | | |
| | FBI(24-cv-5145)-00999 | | | x | | | | | | | | | | | | x | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01000 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01001 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01002 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01003 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01004 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01005 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01006 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01007 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01008 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01009 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01010 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01011 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01012 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 2 Label | FBI(24-cv-5145)-01013 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| FBI Little Rock FO letter dated 12/13/2017 to Little Rock, Fayetteville RA regarding Apple MacBook Air laptop and Apple drive | FBI(24-cv-5145)-01014 | x | | x | | | | x | | | | | | | | x | | | | | | | | x | | |
| OIG Memorandum of Investigation dated 1/29/2018 regarding interview of Third Party | FBI(24-cv-5145)-01015 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-01016 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sworn Statement dated 1/22/2018 | FBI(24-cv-5145)-01017 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01018 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01019 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01020 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01021 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01022 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01023 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01024 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-01025 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01026 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01027 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01028 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01029 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01030 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01031 | | x | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01032 | | x | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01033 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01034 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01035 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01036 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01037 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01038 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01039 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01040 | | | x | | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-01041 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| OIG Memorandum of Investigation dated 8/22/2018 regarding letter from a Third Party | FBI(24-cv-5145)-01042 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 2 Label | FBI(24-cv-5145)-01043 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Email dated 6/21/2018 from a Third Party to OIG regarding a Third Party | FBI(24-cv-5145)-01044 | | | | x | | | | | | | | | | | | | | x | | | | | x | | |
| Letter from Third Party | FBI(24-cv-5145)-01045 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-01046 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| OIG Memorandum of Investigation dated 8/22/2018 regarding letter from a Third Party | FBI(24-cv-5145)-01047 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 2 Label | FBI(24-cv-5145)-01048 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Email dated 5/30/2018 from third party to OGI regarding a third party individual | FBI(24-cv-5145)-01049 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Letter dated 5/11/2018 between two third party individuals | FBI(24-cv-5145)-01050 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |
| OIG Memorandum of Investigation dated 9/6/2018 regarding allegations against Cessario | FBI(24-cv-5145)-01051 | | x | | x | x | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01052 | | x | x | x | x | | | | | | x | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01053 | | x | x | x | x | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01054 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-01055 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| United States Senate Letter dated 5/25/2018 | FBI(24-cv-5145)-01056 | | x | | x | | | | | | | | | | | | | | x | | | | | x | | |
| Constituent Service Authorization Form dated 5/9/2018 between third party individuals | FBI(24-cv-5145)-01057 | | x | | x | | | | | | | | | | | | | | x | | | | | | | x |
| Constituent Service Authorization Form dated 6/7/2017 between third party individuals | FBI(24-cv-5145)-01058 | | | | x | x | | | | | | | | | | | | | x | | | | | | | x |
| Attachment 2 Label | FBI(24-cv-5145)-01059 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Notes undated | FBI(24-cv-5145)-01060 | | | | | x | | | | | | | | | | | | | x | | | | | | x | |
| Attachment 3 Label | FBI(24-cv-5145)-01061 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Email dated 6/30/2018 from third party to OIG regarding a third party | FBI(24-cv-5145)-01062 | | x | | x | x | | | x | | | | | | | | | | x | | | | | | | x |
| Email dated 6/30/2018 between third party individuals and DOJ OIG regarding Cessario | FBI(24-cv-5145)-01063 | | x | x | x | x | | | x | | | | | | | | | | x | | | | | | | x |
| | FBI(24-cv-5145)-01064 | | x | | x | x | | | x | | | x | | | | | | | | | | | | | | x |
| Email dated 8/8/2018 between third party individuals and DOJ OIG regarding Cessario phone records | FBI(24-cv-5145)-01065 | | x | | x | x | | | x | | | | | | | | | | x | | | | | | | x |
| Attachment 4 Label | FBI(24-cv-5145)-01066 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bentonville Police Department Detail dated 7/20/2018 | FBI(24-cv-5145)-01067 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01068 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01069 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01070 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01071 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01072 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01073 |  |  |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01074 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01075 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01076 |  | x |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01077 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01078 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01079 |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01080 |  | x |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01081 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01082 |  | x |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| Attachment 5 Label | FBI(24-cv-5145)-01083 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |  |
| Email dated 8/8/2018 between third party individuals and DOJ OIG regarding Cessario phone records | FBI(24-cv-5145)-01084 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |  |  |  |  | x |
| Email dated 8/8/2018 between third party individuals and DOJ OIG regarding Cessario phone records | FBI(24-cv-5145)-01085 | x |  |  | x | x |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |  |  |  |  | x |
| Email dated 8/17/2018 between third party individuals regarding a FOIA Request | FBI(24-cv-5145)-01086 | x |  |  | x | x |  |  |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01087 |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01088 |  |  |  |  |  |  |  |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  | x |
| Email dated 8/18/2018 between two third party individuals | FBI(24-cv-5145)-01089 | x |  |  | x | x |  |  |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01090 |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| Email dated 8/18/2018 between third party individuals | FBI(24-cv-5145)-01091 | x |  |  | x | x |  |  |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01092 | x |  |  | x | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| | FBI(24-cv-5145)-01093 |  |  |  |  | x |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | x |  |  |
| OIG Memorandum of Investigation dated 9/6/2018 regarding FBI interview of a third party | FBI(24-cv-5145)-01094 | x |  |  | x |  |  |  | x |  |  |  |  |  |  |  |  |  | x |  |  |  |  | x |  |  |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Attachment 1 Label | FBI(24-cv-5145)-01095 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| Transcript of interview of third party by law enforcement personnel | FBI(24-cv-5145)-01096 | | | x | x | | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01097 | | | x | x | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01098 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01099 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01100 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01101 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01102 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01103 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01104 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01105 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01106 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01107 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01108 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01109 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01110 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01111 | | | x | x | | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01112 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01113 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01114 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01115 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01116 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01117 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01118 | | | x | x | | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01119 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01120 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01121 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01122 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01123 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01124 | | | x | x | x | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01125 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01126 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01127 | | | x | x | x | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01128 | | | x | x | | | | x | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01129 | | | | x | | | | | | | | | | | | | | | | | | | x | | |
| OIG Memorandum of Investigation dated 8/22/2018 regarding Anonymous Complaint | FBI(24-cv-5145)-01130 | x | x | | x | x | x | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01131 | | | | | | | x | | | | | | | | | | | | x | | | | x | | |
| Attachment 1 Label | FBI(24-cv-5145)-01132 | | | | | | | | | | | | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email dated 6/6/2018 between two third party individuals regarding Cessario Allegation | FBI(24-cv-5145)-01133 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01134 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01135 | | x | | | x | | x | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01136 | | x | | | x | | x | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01137 | | x | | | x | | x | | | | | | | | | | | | | | | | x | | |
| OIG Memorandum of Investigation dated 9/6/2018 regarding Federal Declination | FBI(24-cv-5145)-01138 | | | | | | | | | | | | | | | | | | x | | | | | x | | |
| Polygraph Report dated 10/16/2018 on Cessario | FBI(24-cv-5145)-01139 | | x | | | | | | | | | | | | | | | | x | | | | | x | | |
| | FBI(24-cv-5145)-01140 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| OPR Report of Investigation dated 11/19/2019 on Cessario | FBI(24-cv-5145)-01141 | x | x | x | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01142 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01143 | | x | x | | x | | | | | | | | | x | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01144 | | x | | | x | | | | | | | | | | | | | x | x | | x | | x | | |
| | FBI(24-cv-5145)-01145 | | | | | | | | | | | | | | | | | | | x | x | | | x | | |
| | FBI(24-cv-5145)-01146 | | x | x | | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01147 | | x | x | | | | | | | x | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01148 | | | x | | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01149 | | | x | | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01150 | | x | | | | | | | | | | | | | | | | x | x | | | | x | | |
| | FBI(24-cv-5145)-01151 | | x | | | | | | | | | | | | | | | | x | x | | x | | x | | |
| | FBI(24-cv-5145)-01152 | | | | | | | | | | | | | | | | | | | | | x | | x | | |
| | FBI(24-cv-5145)-01153 | | | | | | | | | | | | | | | | | | | | | x | | x | | |
| | FBI(24-cv-5145)-01154 | | | | | | | | | | | | | | | | | | | | | x | | x | | |
| | FBI(24-cv-5145)-01155 | | | | | | | | | | | | | | | | | | | x | | x | | x | | |
| | FBI(24-cv-5145)-01156 | | | | | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01157 | | | | | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01158 | | x | | x | | | x | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01159 | | | | | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01160 | | | x | | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01161 | x | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01162 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01163 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01164 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01165 | x | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01166 | x | x | x | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01167 | x | | x | | | | | | | | | | | x | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01168 | x | x | x | | | | | | | | | | | | | | | | | | | | x | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FBI Letter dated 8/11/2020 to Cessario | FBI(24-cv-5145)-01169 | x | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01170 | | x | x | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01171 | | x | | x | | | | | | | | | | x | | | | x | | | x | | x | | |
| | FBI(24-cv-5145)-01172 | | x | | x | | | | | | | | | | | | | | | x | x | | | x | | |
| | FBI(24-cv-5145)-01173 | | | | | | | | | | | | | | | | | | | | x | | | x | | |
| | FBI(24-cv-5145)-01174 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01175 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-01176 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-01177 | | | | | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01178 | | | | | | | | | | | | | | | | | | x | x | | | | x | | |
| | FBI(24-cv-5145)-01179 | | x | | | | | | | | | | | | | | | | x | x | | x | | x | | |
| | FBI(24-cv-5145)-01180 | | | | | | | | | | | | | | | | | | | | | x | | x | | |
| | FBI(24-cv-5145)-01181 | | | | | | | | | | | | | | | | | | | | | x | | x | | |
| | FBI(24-cv-5145)-01182 | | | | | | | | | | | | | | | | | | | | | x | | x | | |
| | FBI(24-cv-5145)-01183 | | | | | | | | | | | | | | | | | | | | | x | | x | | |
| | FBI(24-cv-5145)-01184 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-01185 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-01186 | | x | | x | | | | | | | | | | | | | | | x | | | | x | | |
| | FBI(24-cv-5145)-01187 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01188 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-01189 | | | | | | | | | | | | | | | | | | | | | | x | | | |
| | FBI(24-cv-5145)-01190 | | | x | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01191 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01192 | x | x | | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01193 | x | x | | | | | | | | | | | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01194 | x | | x | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01195 | | | | | | | | | | | | | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01196 | | x | x | | | | | | | | | | | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01197 | | | x | | | | | | | | | | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01198 | | x | x | | | | | | | | | | x | | | | | | | | | | x | | |
| Internal FBI Communication dated 8/27/2020 administratively  closing OPR's adjudication inquiry due to Cessario's resignation. | FBI(24-cv-5145)-01199 | | x | | | | | | | | | | | | | | | | | | | | | x | | |
| Closing EC dated 5/19/2023 Security Division administratively closing the case due to Cessario's resignation | FBI(24-cv-5145)-01200 | | x | x | | | | | | | | | | x | | | | | | | | | | x | | |
| | FBI(24-cv-5145)-01201 | | x | | | | | | | | | | | | | | | | | | | | | x | | |

| Document Description | Bates | b5 1 | b6/7C 0 | b6/7C 1 | b6/7C 2 | b6/7C 3 | b6/7C 4, 12 [2] | b6/7C 5 | b6/7C 6 | b6/7C 8 | b6/7C 9 | b6/b7c 11 | b7E 1 | b7E 3 | b7E 4 | b7E 11 | b7E 15 | Duplicate | b6/7C per DOJ OIG | b6/7C per EOUSA | b7E per EOUSA | OTHER SEALED per COURT | RIF | RIP | FOIA WIF | Seal WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cessario's Human Resource Source Report: Any additional disclosure of information regarding these documents would reasonably be expected to impede personal privacy beyond the context of the court order. | FBI(24-cv-5145)-01202 | | x | | | | | | | | | | | | | | | | | | | | | | x | |
| | FBI(24-cv-5145)-01203 | | x | | x | | | | | | | | | | | | | | | | | | | | | x |
| | FBI(24-cv-5145)-01204 | | x | x | | | | | | | | | | | | | | | | | | | | | x | |
| | FBI(24-cv-5145)-01205 | | x | | | | | | | | | | | | | | | | | | | | | | | x |
| | FBI(24-cv-5145)-01206 | | x | | | | | | | | | | | | | | | | | | | | | | | x |
| | FBI(24-cv-5145)-01207 | | x | x | | | | | | | | | | | | | | | | | | | | | | x |
| | FBI(24-cv-5145)-01208 | | x | x | | | | | | | | | | | | | | | | | | | | | | x |
| | FBI(24-cv-5145)-01209 | | x | | | | | | | | | | | | | | | | | | | | | | | x |
| | FBI(24-cv-5145)-01210 | | x | | | | | | | | | | | | | | | | | | | | | | | x |
| | FBI(24-cv-5145)-01211 | | x | | | | | | | | | | | | | | | | | | | | | | | x |

[1] The FBI inadvertently asserted Exemption (b)(7)(E)-1 to withhold certain information on Bates page 856. The correct Exemption is (b)(6)/(b)(7)(C)-0.

[2] The FBI consolidated Exemptions (b)(6)-4 and (b)(7)(C)-4 with (b)(6)-12 and (b)(7)(C)-12.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

    Plaintiffs,

       v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Civil Action No. 24-CV-5145

# Exhibit U

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

|  |  |
|---|---|
| DOUG THOMPSON and<br>LISA THOMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 5:24-cv-05145 (TLB)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF JACQUELINE E. LIGHTLE**

I, Jacqueline E. Lightle, do hereby declare:

1.     I am a Government Information Specialist for the Office of the Inspector General, United States Department of Justice (OIG), Washington, D.C.  Due to the nature of my official duties, I am familiar with the procedures followed in processing requests received by the OIG pursuant to 5 U.S.C. § 552, commonly known as the Freedom of Information Act (FOIA), and with the OIG's responses to the FOIA request at issue in this case.  The statements in this declaration are based upon my personal knowledge and experience and upon information made available to me in the course of my official duties.

2.  The OIG is responsible for "[i]nvestigat[ing] allegations of criminal wrongdoing and administrative misconduct on the part of Department [of Justice]

1

employees," 28 C.F.R. § 0.29a(b)(2), and for auditing and inspecting the programs and operations of the Department and of non-Department entities that contract with or receive benefits from the Department. Id. at § 0.29a(b)(1). The OIG maintains separate records relating to its investigative, audit, and inspection functions.

3. In connection with its investigative duties, the OIG maintains investigative records relating to complaints of misconduct received by the OIG and to any investigations into those complaints conducted by the OIG. The OIG's investigative records are indexed by the name of the individual subject or subjects and/or by the name of the complainant and can be electronically searched by the names of those individuals. Accordingly, in compliance with the requirements of the Privacy Act, 5 U.S.C. § 552a, the OIG has published a systems notice relating to its investigative records – Office of the Inspector General Investigative Records System, JUSTICE/OIG-001. See 57 Fed. Reg. 8476 (1992), amended at 65 Fed. Reg. 32,125 (2000) and 68 Fed. Reg. 22,741 (2003).

4. In contrast, OIG audits and inspections focus on broader Department of Justice programs and operations. *See, e.g., Audit of the Handling of Firearms Purchase Denials Through the National Instant Criminal Background Check System*, Audit Report 16-32, September 2016; *Follow-up Review on the Drug Enforcement Administration's El Paso Intelligence Center*, Evaluation and Inspections Report 17-01, February 2017. Accordingly, the OIG indexes its audit and inspection records by title, and the OIG can search these records by those titles, by audit or inspection number, or by Department component, but not by a particular individual's name or

2

other personal identifier.  For this reason, the OIG has not published Privacy Act notices for its audit records or its inspection records.

**Processing of Plaintiff's FOIA Request**

5.      On November 27, 2024, the OIG received a FOIA consultation request from the United States Department of Justice Federal Bureau of Investigation ("FBI").  A FOIA consultation is the process by which an agency, upon locating a record responsive to a FOIA request that originated outside that agency, seeks advice from the originating agency concerning the originating agency's equity (interest) in a record before making a direct FOIA response to the requester.   In this request submitted to the FBI, Plaintiffs sought access to "findings and final recommendations of charges in the investigation of FBI Special Agent Robert Cessario, who pleaded guilty to one count relating to the deliberate erasing of the hard drive of a[n] FBI laptop computer used to gather evidence in a public corruption investigation.  To the best of our knowledge, the Office of Inspector General conducted the investigation and the official investigation case number is: 20018-003004." (*OIG Exhibit 1*)

6.      In this consultation the FBI sought the OIG's input on several different types of records (Records), totaling 1,197 pages.  Some of these Records originated with the OIG, while others originated outside the OIG.

7.      The Records consisted of the OIG Report of Investigation concerning Robert F. Cessario, dated February 12, 2019; FBI and non-FBI predicating information; sixteen OIG Memoranda of Information (MOI), with attachments, dated between 2018 and 2019, concerning the OIG's investigation of the alleged

3

misconduct; OIG Report of Forensic Examination dated April 18, 2018; Polygraph Report, dated October 16, 2018 concerning Robert F. Cessario. MOI attachments included two transcripts of evidentiary hearing in United States v. Woods, et al., January 25 and 26, 2018; emails; caselaw: <u>United States v. Woods, 319 F.Supp.3d 1124 (2018)</u>; letter and Business Records Declaration from Oath Holdings, Inc. (formerly, Yahoo Holdings, Inc.), dated April 3, 2018; Ozark Computer Works invoices and ticket, dated June 3, 2013 and December 4, 2017; OIG interview transcripts of Robert F. Cessario and three additional witnesses; FBI Process Report, a constituent complaint, a police department report, an FBI transcript of witness interview, Office of Professional Responsibility Report of Investigation dated November 19, 2019, and other miscellaneous and administrative records.

8.     The OIG responded to the FBI consultation request via email on a rolling basis on December 31, 2024, February 18, 2025, March 19, 2025 and May 2, 2025, returning 1,002 pages of the records, and proposed certain portions of the Records containing OIG equities be withheld.  Portions of the Records returned to the FBI are exempt from disclosure under 5 U.S.C. § 552(b)(6) and § 552(b)(7)(C), which protects the privacy interests of individuals.

9.     Amongst the material returned to the FBI on December 31, 2024, the OIG noted one one-page record originated with another DOJ component. As a courtesy to the FBI, by OIG email dated January 30, 2025, the OIG sent the one-page record to the originating component, Executive Office for the United States Attorneys (EOUSA), with instruction for EOUSA to provide its FOIA consultation

4

recommendation directly to the FBI. (*OIG Exhibit 2*) The OIG did not recommend withholding OIG information reflected in the EOUSA record.

10.  Following the OIG's May 2025 consultation return material to the FBI, 195 pages remained to be processed by the OIG.  Because these remaining pages originated with the OIG, the OIG required more time to conduct its review.  The OIG sought to have the remaining 195 pages of Records referred to the OIG for direct response to the FOIA requester.

11.  Confirmation of the FBI's FOIA referral of the 195 pages was received by the OIG on or about September 2, 2025.

12.  The OIG acknowledged the referral on September 5, 2025, and assigned the referral FOIA request number 25-OIG-793.

13.  The OIG provided its final direct response to the FOIA requesters on January 22, 2026, releasing in part 195 pages of records.  (*OIG Exhibit 3*) Portions of the pages are exempt from disclosure under 5 U.S.C. § 552(b)(6) and § 552(b)(7)(C), which protects the privacy interests of individuals.

### Exemptions Asserted for Redacted Material

14.  Exemption 6 authorizes the OIG to withhold information about individuals that is contained in "personnel and medical files and similar files," when release of the information would constitute a clearly unwarranted invasion of personal privacy, *i.e.*, when the privacy interests in that information outweigh the public interest in disclosure.  Exemption 7(C) applies a similar balancing test to information that is contained in a file that was "compiled for law enforcement purposes," when release of the information could reasonably be expected to

constitute an unwarranted invasion of personal privacy.  When making the balancing determination, the standard of public interest the OIG must consider is the "core purpose" of "shed[ding] light on an agency's performance of its statutory duties."  *United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989).

15.    In order to invoke FOIA exemption 6 as to the information redacted in the records collected by the OIG during its investigation of the allegations against Mr. Cessario, the OIG first had to conclude that the records qualified as "personnel, medical or similar file[]."  The OIG determined that because the records concerned an allegation of work-related misconduct by a Department employee, the records qualified as "personnel" or "similar files" under exemption 6.

16.    To invoke FOIA exemption 7(C), the OIG had to make a determination that the records were compiled for "law enforcement purposes."  The OIG is vested with authority to investigate allegations of misconduct by Department employees. Here, the records involved a complaint of alleged misconduct that was filed in the OIG's investigative records system, and which the OIG investigated to determine whether there had been any violation of law, regulation, or policy.  Accordingly, the OIG concluded that the records were compiled for law enforcement purposes under exemption 7(C).

17.    Once the OIG had made the determination that the records met the threshold requirements of exemptions 6 and 7(C), it then had to identify and consider the strength of the privacy interests of the individuals at issue and weigh those interests against the public interest in disclosure—*i.e.*, it had to conduct a

6

balancing of individual privacy interests and the public interest in disclosure. In doing so, the OIG had to assess whether disclosure of the information sought would advance significant public interest that the FOIA requesters had identified.

18.    With respect to the former FBI Agent Robert F. Cessario, who was the subject of the Records, and his personally identifiable information, such as his social security number, I determined that, while his name was already disclosed as part of the public record, the former Special Agent still possessed a significant privacy interest in the nondisclosure of other personally identifiable information such as his social security number. In conducting the balancing required under the law, I noted that releasing such other identifying information about the former Special Agent would not provide more information about the misconduct at issue because all of the facts about that misconduct had already been disclosed, thereby satisfying the public's interest in "shed[ding] light on an agency's performance of its statutory duties." *Reporters Comm.*, 489 U.S. at 773. In addition, because the former Special Agent is no longer a member of the FBI, there could be no additional degree of accountability that could come from the disclosure of his other personally identifiable information. Disclosing the information about the former Special Agent that has been withheld would not reveal anything new about the activities of the government employee involved. Accordingly, this information is exempt from disclosure pursuant to exemptions 6 and 7(C).

19.    With respect to the OIG's redaction of the names and personally identifiable information of any witnesses or third parties to the investigation, third-party individuals have a strong privacy interest in their personally identifiable

7

information held in government investigative files, and there is virtually no public interest in its disclosure. Additionally, the public has an interest in continued witness cooperation in the OIG's investigations, which would be undermined if the identities or personally identifying information about such third-party individuals were disclosed. Here, disclosure of those individuals' identities or identifying information serves no public interest, and instead, would only associate them with the investigation, reveal their participation, or cause embarrassment. Accordingly, the OIG determined that the privacy interests of the third-party individuals outweighed the public interest in disclosure and that the information withheld concerning the third-party individuals is exempt from disclosure pursuant to exemptions 6 and 7(C).

20.    With respect to the OIG's redaction of the names and personally identifiable information of non-supervisory law enforcement agents, federal law enforcement officers, by virtue of the nature of their work, possess strong privacy interests in their identities. Absent proof of some misconduct on their part, revealing their identities does not shed light on agency operations; therefore, there is little or no public interest at stake. Accordingly, the OIG determined that the privacy interests of the individual law enforcement agents outweighed the public interest in disclosure of their names and that the information withheld concerning the identities of law enforcement agents is exempt from disclosure pursuant to exemptions 6 and 7(C).

### Reasonably Foreseeable Harm

21.    Finally, the OIG has also concluded that it "reasonably foresees that

8

disclosure would harm an interest protected by [the FOIA] exemption[s]" invoked. 5 U.S.C. § 552(a)(8)(A)(i). As detailed above, disclosing personally identifiable information about Cesario, witnesses, and/or other law enforcement agents would likely cause significant harm to personal privacy interests, including personal and professional reputational harm, of the type exemptions 6 and 7(C) are designed to prevent.

22.    In sum, the OIG has concluded that the balancing required under the law weighs in favor of the privacy interests of Cesario, witnesses, and/or other law enforcement agents and that any public interest is overcome by those privacy interests. Thus, the above-described withheld information concerning names and identifying information is exempt from disclosure pursuant to exemptions 6 and 7(C) of FOIA.

Pursuant to Title 28 U.S.C. § 1764, I declare under penalty of perjury that the foregoing is true and correct, and certify that OIG Exhibits 1, 2, and 3 are true and correct copies.

Dated:    February 12, 2026
          Washington, D.C

JACQUELINE LIGHTLE
Digitally signed by JACQUELINE LIGHTLE
Date: 2026.02.12 10:25:08 -05'00'

Jacqueline E. Lightle

9

# EXHIBIT 1

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2022-08-18T18:09:08.515903+00:00 Status: pending Message:

## Organization Representative Information

**Organization Name**  Northwest Arkansas Democrat-Gazette

**Prefix**  Mr.

**First Name**  Mark

**Middle Name**  Douglas

**Last Name**  Thompson

**Suffix**  II

**Email**  dthompson@nwaonline.com

**Phone**  479-957-8650

**Location**  United States

## Domestic Address

**Address Line 1**  212 N. East Avenue

**Address Line 2**

**City**  Fayetteville

**State**  Arkansas

**Postal**  72701

## Agreement to Pay

| How you will pay | I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below. |
|---|---|
| Allow up to $ | 200 |

## Non-Individual FOIA Request

**Request Information**

Requesting the findings and final recommendations of charges in the investigation of FBI Special Agent Robert Cessario, who pleaded guilty to one count relating to the deliberate erasing of the hard drive of a FBI laptop computer used to gather evidence in a public corruption investigation. To the best of our knowledge, the Office of Inspector General conducted the investigation and the official investigation case number is: 20018-003004. I am attaching a copy of his plea agreement which, beginning on page 7, gives a description of the factual basis for his guilty plea. The case in which Cessario pleaded guilty is 5:22-cr-50053-PKH. The case in which Mr. Cessario's actions came to light is United States of America vs. Jonathan Woods 5-17-CR-50010-TLB-1. Any privacy considerations are outweighed by the already wide publicity surrounding this case, including coverage of court hearings in 2018 in which Cessario testified and in which his stated rationale for the wiping was described by the presiding judge and the assistant U.S. attorney at the hearing as unbelievable. I will also attach a copy of a representative story in our newspaper's coverage of this matter. We also request a copy of records showing any disciplinary action taken against Cessario, and records when he left the FBI's employ and if he draws a pension from his service there.

## Expedite

**Expedite Reason**

Cessario was lead investigator in a public corruption case that resulted in the criminal convictions of six state legislators -- so far. His criminal act became public knowledge after an open court hearing more than four years ago, and his act was described by the trial judge in that corruption case as "reprehensible" in a court order. His act is a subject of legal appeals in those cases to this day. Full disclosure of what happened here is needed.

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBIâ€™s electronic FOIA Library (The Vault) on the FBIâ€™s public website, http://vault.fbi.gov by clicking on the â€˜Check Status of Your FOI/PA Request toolâ€™ link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

# EXHIBIT 2

| | |
|---|---|
| **From:** | Lightle, Jacqueline (OIG) |
| **To:** | USAEO- ████ |
| **Cc:** | ████ (FBI); Waller, Deborah M. (OIG) |
| **Subject:** | Thompson v. FBI 5:24-cv-01545 - Consultation Request |
| **Date:** | Thursday, January 30, 2025 12:03:00 PM |
| **Attachments:** | 2025-01-30_Consultation Memo to EOUSA for direct response to FBI re Thompson v. FBI 24-cv-05145.pdf |
| | Complaint 5_24-cv-05145-TLB Doug__Lisa Thompson v. Federal Bureau of Investigation.pdf |
| | 8.18.2022 REQUEST LETTER.pdf |
| | 5_24-cv-05145 (Doug Thompson, et al.) Consult Request - EOUSA Record FBI(24-cv-5145)-60.pdf |
| | image001.png |

Dear ████

Please see the attached request for FOIA consultation and direct return to the FBI.

Thank you,



Jacqueline Lightle | Government Information Specialist
Office of General Counsel | Office of the Inspector General | U.S. Department of Justice
950 Pennsylvania Avenue NW | Washington, DC 20530
Mobile: ████ | Desk: ████
Email: ████

# EXHIBIT 3

| | |
|---|---|
| **From:** | OIGFOIA (OIG) |
| **To:** | "dthompson@nwaonline.com" |
| **Subject:** | FOIA Response: 25-OIG-793 |
| **Date:** | Thursday, January 22, 2026 3:33:00 PM |
| **Attachments:** | image001.png |
| | 2026-01-22 Final Response_Letter_25-OIG-793 (5_24-cv-05145-TLB).pdf |
| | 2026-01-22 Final Response_Records 25-OIG-793.zip |

Dear Mr. Doug Thompson

Attached is the OIG's response to your FOIA request.

Thank you.

**Office of General Counsel**

U.S. Department of Justice | Office of the Inspector General

950 Pennsylvania Avenue NW | Washington, DC 20530

202-616-0646

OIGFOIA@usdoj.gov





**DEPARTMENT OF JUSTICE | OFFICE OF THE INSPECTOR GENERAL**

January 22, 2026

SENT VIA EMAIL
dthompson@nwaonline.com

Mark Douglas Thompson, II
Northwest Arkansas Democrat-Gazette
212 N. East Avenue
Fayetteville, Arkansas 72701

Subject:    Freedom of Information/Privacy Act Request [25-OIG-793]
Doug Thompson and Lisa Thompson v. Federal Bureau of Investigation
Case No.: 5:24-cv-05145-TLB

Dear Mr. Thompson:

This is in response to your Freedom of Information Act request to the Federal Bureau of Investigation (FBI). The FBI referred 195 pages of records to the Office of the Inspector General (OIG) that are responsive to your request. Specifically, your request seeks "the findings and final recommendations of charges in the investigation of FBI Special Agent Robert Cessario, who pleaded guilty to one count relating to the deliberate erasing of the hard drive of a FBI laptop computer used to gather evidence in a public corruption investigation. To the best of our knowledge, the Office of Inspector General conducted the investigation and the official investigation case number is: 20018-003004, etc."

The records referred to the OIG (195 pages) have been reviewed. It has been determined that certain portions of such documents be excised pursuant to the Freedom of Information Act, 5 U.S.C. §552 (b)(6), (b)(7)(C) and (b)(7)(E). Please note that some redactions to the documents were applied by the FBI and EOUSA, and are marked accordingly.

- 5 U.S.C. § 552(b)(6), protects personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
- 5 U.S.C. § 552(b)(7)(C), protects records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy; and
- 5 U.S.C. § 552(b)(7)(E), pertains to records or information compiled for law enforcement purposes, the release of which would disclose a certain technique or procedure for law enforcement investigations or prosecutions.

Please be advised that the OIG, the Executive Office for United States Attorneys (EOUSA) and the FBI considered the foreseeable harm standard of the FOIA Improvement Act of 2016 when reviewing the records and applying the appropriate FOIA exemptions. Consequently, please find enclosed that information (195 pages) which can be released pursuant to your request.

We are aware that this matter is in litigation.  If you have any questions, you may contact Candace L. Taylor, Assistant U.S. Attorney/Civil Chief, United States Attorney's Office, Western District of Arkansas at (479-783-5125.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552 (2012 & Supp. V 2017). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Sincerely,

*Jacqueline Lightle*

Jacqueline Lightle
Government Information Specialist
Office of General Counsel

Enclosure
cc:  Emily Prestopnik, FBI, Assistant General Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN ARKANSAS

DOUG THOMPSON and
LISA THOMPSON

     Plaintiffs,

         v.

FEDERAL BUREAU OF INVESTIGATION

     Defendant.

Civil Action No. 24-CV-5145

# Exhibit V

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| THOMPSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:24-CV-5145 |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DECLARATION OF KARA CAIN HOLLINGSWORTH**

Pursuant to 28 U.S.C. § 1746, I, Kara Cain Hollingsworth, declare the following to be a true and correct statement of facts:

1.      I am an Attorney-Advisor with the Freedom of Information Act/Privacy Act ("FOIA/PA") staff of the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ").  In my capacity as Attorney-Advisor, I act as a liaison with other divisions of DOJ in responding to requests and litigation filed under both FOIA, 5 U.S.C. § 552, and the Privacy Act of 1972, 5 U.S.C. §552a. I also review FOIA/PA requests for access to records located in this office and the 94 districts of the United States Attorney's Offices ("USAOs") and the case files arising therefrom, review correspondence related to requests, review searches conducted in response to requests, and prepare EOUSA responses to ensure compliance with FOIA/PA regulations, 28 C.F.R. §§ 16.3 *et. seq.* and §§ 16.40 *et seq.*, and 5 U.S.C. § 552 and 5 U.S.C. § 552a.

2.      Due to the nature of my official duties as Attorney-Advisor, I am familiar with the procedures followed by this office in responding to the Federal Bureau of Investigation's ("FBI") consultation concerning the FOIA request from Doug and Lisa Thompson.

3.      The purpose of this Declaration is to provide the Court with information regarding EOUSA's consultation response to Plaintiffs' FOIA request.

4.      The statements contained in this Declaration are based upon my personal knowledge, information provided to me by knowledgeable persons in my official capacity as an Attorney-Advisor, and conclusions and determinations reached and made in accordance therewith.

**ADMINISTRATIVE HISTORY**

5.      On January 30, 2025, EOUSA received a request for a FOIA consultation from DOJ's Office of the Inspector General ("OIG"). OIG requested that EOUSA respond directly to FBI.

6.      Additionally, on February 20, 2025, EOUSA received a request for consultation directly from FBI concerning the same subject matter. Both consultations combined consisted of fifty-seven pages.

7.      The FOIA request from Doug and Lisa Thompson sought:

> "The findings and final recommendations of charges in the investigation of FBI Special Agent Robert Cessario, who pled guilty to one count relating to the deliberative erasing of the hard drive of a FBI laptop computer used to gather evidence in a public corruption investigation. To the best of our knowledge, the Office of the Inspector General conducted the investigation and the official investigation case number is 20018-003004 (. . .)."

8.      EOUSA assigned the consultation request number CON-2025-000094 and on March 18, 2025, EOUSA provided its final recommendation.

9.      EOUSA reviewed an Office of Professional Responsibility Report of Investigation concerning Robert Cessario.

2

**RELEVANT FOIA EXEMPTIONS**

**EXEMPTIONS 5 U.S.C. §552(b)(6), (b)(7)(C)**

10. EOUSA recommended withholding sixteen pages in part pursuant to Exemption 6, 5 U.S.C. § 552(b)(6), (b)(7)(C).

11. The Exemptions were applied to protect the names of four employees of a U.S. Attorney's Office and one Department employee.

12. Exemption 6 protects from disclosure of records related to "personnel and medical files and similar files," the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). The term "similar files" is broadly construed to include "[g]overnment records on an individual which can be identified as applying to that individual." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. Fed. Deposit Ins. Corp.*, 164 F.3d 37, 47 (D.C. Cir. 1999). In assessing the applicability of Exemption 6, courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would [cause] a clearly unwarranted invasion of personal privacy." *Lepelletier*, 164 F.3d at 46; *Chang v. Dep't of Navy*, 314 F. Supp. 2d 35, 43 (D.D.C. 2004). Plaintiffs bear the burden of establishing that disclosure will advance the public interest. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 158 (2004). "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties or otherwise let citizens know 'what their government is up to.'" *Lepelletier*, 164 F.3d at 47; *Beck v. Dep't of Just.*, 997 F.2d 1489, 1492 (D.C. Cir. 1993).

13. Similarly, Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes" to the extent that production of the law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Law enforcement, within the meaning of FOIA

3

Exemption 7, includes enforcement pursuant to both civil and criminal statutes. *See, e.g., Tax Analysts v. Internal Revenue Service*, 294 F.3rd 71, 76-77 (D.C. Cir. 2002).

14.    In applying Exemption 7(C), the court "balance[s] the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992).

15.    Courts recognize that there is considerable stigma inherent in being associated with law enforcement proceedings, and accordingly "do [ ] not require a balance tilted emphatically in favor of disclosure" when reviewing 7(C) exemption claims.  *Bast v. Dep't of Justice*, 665 F.2d 1251, 1254 (D.C. Cir.1981).

## EXEMPTION 5 U.S.C. §552(b)(7)(E)

16.    EOUSA recommended the withholding five pages in part under FOIA Exemption 7(E).

17.    FOIA Exemption (7)(E) provides for withholding of information that, if released, "would disclose techniques and procedure for law enforcement investigations or prosecutions or would disclose the guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). This exemption affords categorical protection to techniques and procedures used in law enforcement investigations. It protects techniques and procedures that are not well-known to the public, as well as non-public details concerning the use of publicly-known techniques and procedures.

## FORESEEABLE HARM

18.    The Department may only withhold a record or information under one of FOIA's exemptions if the Department "reasonably foresees that disclosure would harm an interest

4

protected by an exemption." 5 U.S.C. § 552(a)(8)(A)(i)(I). The application of the foreseeable harm standard is discussed herein as to each category of withholding asserted by EOUSA.

### *Department of Justice Employee Names*

19.    The Department withheld from records the names of four employees of a U.S. Attorney's Office and one Department technician. These names were withheld under FOIA Exemption 6 and 7(C).

20.    The employees of the U.S. Attorney's Office were Assistant United States Attorneys ("AUSA") prosecuting the underlying public corruption case of an ex-state senator with Robert Cessario. The case was highly publicized and high profile.

21.    EOUSA has seen an increase in harassment and threats of Department employees associated with high profile investigations. As recently as July of 2025, employees of a U.S. Attorney's Office were doxed—that is, they had personal contact information, including home and email addresses, social media account information, and family members' workplace information publicized online.

22.    A few threats have escalated to the level of requiring referrals to the United States Marshals Service and the FBI for threat assessment and potential action.

23.    These employees were targeted simply because of their role in a high-profile investigation of a public figure.

24.    The safety of Department employees is of utmost importance to EOUSA. One would expect that any of the named Department employees, if their names were disclosed, could be exposed to possible threats, harassment, or a deluge of communication. They are from a small USAO, and it would not be difficult to locate them. They have a significant privacy interest, therefore, in their names' being withheld under Exemption 6.

25.    There is no countervailing public interest sufficient to obtain these employees' names. Whatever public interest remains in learning who assisted Mr. Cessario in the underlying corruption case is grossly outweighed by the ongoing privacy interests of those employees in maintaining their safety and, to the extent possible, avoiding potential harassment.

### *Statements Made to Prosecutors Detailing Investigation Techniques*

26.    The Department withheld from records information that provides insight into how AUSAs handle criminal investigations under Exemption 7(E). Releasing the statements made to prosecutors regarding investigation steps taken in the underlying criminal matter, could compromise the techniques of law enforcement activities and prosecution practices. It could also be used to discern the procedures used to investigate, which is precisely the interest that Exemption 7(E) protects. Because disclosing the statements would harm that interest, and cannot reasonably be segregated and released, it was properly withheld. In this instance, the information withheld in the report pursuant to Exemption 7(E) could potentially compromise sensitive methods and techniques of law enforcement activities, including how AUSAs analyze criminal cases and how evidence is prepared for criminal cases. Release of said information could result in attempts to circumvent potential prosecution.

### CONCLUSION

27.    EOUSA recommended release of all reasonably segregable, non-exempt information from records responsive to Plaintiffs' FOIA request and has properly withheld information pursuant to FOIA exemptions 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E).

28.    Each step in the processing of Plaintiffs' request has been consistent with EOUSA's procedures, which were adopted to ensure an equitable response to all persons seeking responsive records under the FOIA/PA.

6

29.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 5th day of February 2026.


_____
Kara Cain Hollingsworth
Attorney-Advisor
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff

7