IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DOUG THOMPSON and
LISA THOMPSON**                                                    **PLAINTIFFS**

**V.**                              **CASE NO. 5:24-CV-5145**

**FEDERAL BUREAU OF INVESTIGATION**                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court are cross-motions for summary judgment filed by Defendant

Federal Bureau of Investigation ("FBI") (Doc. 17) and Plaintiffs Doug and Lisa Thompson

(Doc. 34). Both Motions are fully briefed and ripe for ruling.[1] For the reasons explained

herein, the FBI's Motion is **GRANTED**, and the Thompsons' Motion is **DENIED**.

## I. BACKGROUND

Doug Thompson is a reporter and Enterprise Editor of the *Northwest Arkansas*

*Democrat-Gazette*. Lisa Thompson is the newspaper's Executive Editor. On August 18,

2022, Mr. Thompson submitted a Freedom of Information Act ("FOIA") request to the

FBI seeking: (1) findings and recommendations of charges in the investigation of FBI

Special Agent Robert F. Cessario,[2] (2) records showing any disciplinary action taken

---

[1] In ruling on the FBI's Motion, the Court also considered its Brief in Support (Doc. 18) and Statement of Facts (Doc. 19), the Thompsons' Response in Opposition (Doc. 27) and Response to Statement of Facts (Doc. 28), and the FBI's Reply (Doc. 33). In ruling on the Thompsons' Motion, the Court also considered the Thompsons' Brief in Support (Doc. 36), Statement of Facts (Doc. 35), and Supplemental Brief (Doc. 44); the FBI's Response in Opposition (Doc. 45); and the Thompsons' Reply (Doc. 48).

[2] Agent Cessario pleaded guilty to corruptly destroying an object with the intent to impair its integrity and availability for use in an official proceeding, namely a federal criminal trial. In particular, he erased the contents of his government computer hard drive knowing that the computer was the subject of an evidentiary inquiry by the Court. *See USA v. Cessario*, Case No. 5:22-CR-50053 (W.D. Ark. 2022) (ECF 6). He was sentenced to three years of probation and a $25,000 fine. *See id.* at ECF 21.

against Agent Cessario, (3) the date Agent Cessario left the FBI's employ, and (4) any records to indicate whether Agent Cessario draws a pension from the FBI. *See* Doc. 1, ¶ 8. On October 17, 2022, the FBI denied Mr. Thompson's FOIA request, and he appealed. The FBI granted the appeal on March 23, 2023, and reconsidered the request. A little more than a year later, on April 9, 2024, the FBI sent Mr. Thompson a letter informing him that it had identified 3,783 potentially responsive pages of documents, but it would take the agency "at least 67 months" to review them. (Doc. 2-8). The timeline was unacceptable to the Thompsons, so they filed this lawsuit on July 15, 2024.

The Thompsons' Complaint for Declaratory Judgment and Injunctive Relief accuses the FBI of violating FOIA by failing to produce responsive records. The Court held a Rule 16 Case Management Hearing on November 14, 2024, during which the FBI's general counsel confirmed that the agency had not yet reviewed the 3,783 pages it identified earlier but was willing to speed up the review process. The FBI suggested that it start with a subset of 1,211 pages containing "summary documents of the findings and recommendations on what the FBI did in response to Mr. Cessario." (Doc. 13, pp. 15–16). The Court agreed and in its Case Management Order directed the FBI to review the first 1,211 pages by March 31, 2025, and provide the Thompsons with a *Vaughn* index[3] listing all documents withheld or redacted and all FOIA exemptions claimed. *See* Doc. 11. Though the FBI disclosed hundreds of pages of documents, the Thompsons

---

[3] A *Vaughn* index describes each withheld document cross-referenced with the FOIA exemption that the agency asserts is applicable. *See Vaughn v. Rosen,* 484 F.2d 820, 824–26 (D.C.Cir.1973). It should ordinarily contain the document title, date, author and recipient, a detailed factual description, and the statutory exemption the agency is claiming to support nondisclosure. *See Becker v. IRS*, 34 F.3d 398, 401 n.9 (7th Cir. 1994).

remained dissatisfied. They suspected the FBI had not properly vetted its files for responsive documents and had over-redacted hundreds of pages without legal justification.

On February 24, 2026, the FBI filed a Motion for Summary Judgment arguing that it had now satisfied its burden of conducting a reasonable search for documents responsive to the Thompsons' FOIA request and requesting that the case be dismissed. In support of the Motion, the FBI submitted a forty-page Declaration (Doc. 18-1) by Amie Marie Napier, Section Chief of the Information Management Division of the FBI. Her Declaration details the administrative history of the case, attaches relevant written communication between the parties, explains the FBI's search methodology, outlines the claimed FOIA exemptions, and attempts to justify the non-disclosure or redaction of the documents on the *Vaughn* Index.[4] Her Declaration, however, is limited to the agency's review of the 1,211-page subset of documents discussed during the Case Management Hearing. According to Ms. Napier, 816 of those pages were released to the Thompsons in full, 332 pages were released with redactions, and 63 pages were completely withheld due to FOIA exemptions. *Id.* ¶ 4.

In response to the Motion, the Thompsons pointed out that the FBI violated the FOIA statute years ago, when it failed to respond to the Thompsons' request within the statutory time period and then initially denied the request. Furthermore, the Thompsons argued that summary judgment was inappropriate because they had reason to believe that many documents produced to date contained redactions that were "[q]uestionably

---

[4] The *Vaughn* Index is appended to Ms. Napier's Declaration at Document 18-1, pages 115 to 148.

[a]pplied." (Doc. 27, p. 1). They cited a few examples of these inconsistent or overly broad redactions. *See id.* at pp. 11–15. They also criticized Ms. Napier's Declaration for failing to explain why the FBI carefully reviewed only 1,211 pages when the agency's position on May 2, 2024, had been that "32,471 pages of records subject to the [FOIA]" were "potentially responsive." (Doc. 27, p. 4 (citing letter from the FBI to Mr. Thompson, Doc. 18-1, p. 67)). To get to the bottom of the parties' dispute over the adequacy of the FBI's search for responsive documents, the Thompsons urged the Court to perform an *in camera* review of all redacted and withheld documents listed on the *Vaughn* Index to make sure the FBI had "satisf[ied] its burden of conducting a good faith search." *Id.* at p. 10.

In reply to the Thompsons' arguments, the FBI produced a Supplemental Declaration (Doc. 33-1) by Ms. Napier, which discussed in detail how the FBI went from identifying 32,471 pages of potentially responsive documents to closely evaluating a much smaller universe of only 1,211 pages. First, Ms. Napier explained how the FBI began its search by inputting the term "Robert Cessario"; this yielded 32,471 pages. *Id.* ¶ 3. Next, the FBI eliminated 2,754 pages as duplicates and 25,901 pages as unresponsive to the Thompsons' FOIA request. *Id.* ¶ 6. The remaining 3,816 pages were then "manually scoped," and 1,211 pages were deemed responsive. *Id.* Those 1,211 pages were then indexed and produced in whole, redacted and produced in part due to a FOIA exemption or exemptions, or completely withheld due to exemptions.

On April 14, 2026, the Thompsons filed their Motion for Summary Judgment, making the exact arguments they raised in opposition to the FBI's Motion: (1) that the FBI had violated FOIA by failing to respond by the statutory deadline and by initially

4

denying that responsive documents existed; and (2) that the FBI's search for documents was inadequate and its production overly redacted.

On April 17, 2026, the Court held a hearing to consider whether to grant the Thompsons' request for an *in camera* review of the *Vaughn* Indexed documents. Counsel for the Thompsons emphasized that an *in camera* review was essentially the only way to assure them that the FBI had acted in good faith. He said, "The quickest fix, Your Honor—candidly even quicker next step for getting this case to resolution from the plaintiffs' perspective—is an *in camera* review unredacted of 1,211 pages." (Doc. 38, p. 21). He assured the Court the Thompsons would accept the Court's findings. *See id.* ("The Thompsons aren't looking to peek under that, the Thompsons will defer to the Court on that."). Accordingly, the Court ordered the *in camera* review, and the FBI provided the documents to the Court by email. The Court did not complete its review until July 6, 2026, but the results were decisive: It was clear the FBI had properly redacted or withheld all documents on the *Vaughn* Index, save and except for a few isolated redactions on only two pages.[5] *See* Doc. 50. In fact, the Court noted in its written Order summarizing the review that most redacted information was, "to an overwhelming degree, . . . not directly responsive to any of the four categories Plaintiffs requested" via FOIA. *See id.* at p. 1.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In the FOIA context, summary judgment is available to

---

[5] The FBI was ordered to immediately disclose the improperly redacted portions.

the agency where it proves that it has fully discharged its obligations under FOIA, after the underlying facts and inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Xanthopoulos v. IRS*, 35 F.4th 1135, 1138 (8th Cir. 2022) (citation modified). "In order to discharge this burden, the agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Argus Leader Media v. U.S. Dep't of Agric.*, 740 F.3d 1172, 1175 (8th Cir. 2014) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382–83 (8th Cir. 1985)). The agency's proof may come in the form of a declaration "attesting to the basis for the agency's decision." *Citizens for Resp. & Ethics in Wash. v. DOJ*, 58 F.4th 1255, 1262 (D.C. Cir. 2023) (citation modified).

When an agency declaration "describe[s] the justifications for nondisclosure with reasonably specific detail, demonstrate[s] that the information withheld logically falls within the claimed exemption[s], and [is] not controverted by either contrary evidence in the record nor by evidence of agency bad faith," summary judgment should be granted in the agency's favor. *Larson v. U.S. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted). "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

## III. DISCUSSION

The Court has now reviewed Ms. Napier's Declaration and Supplemental Declaration and finds that they thoroughly and specifically detail the agency's good-faith search for responsive documents and the redaction of non-responsive or exempt

6

material. The Thompsons are suspicious about the propriety and thoroughness of the FBI's search and redaction process based on some of the redactions they saw. *See, e.g.*, Doc. 48, p. 6. They were also "concern[ed]" that the FBI had not "originally understood and searched for the four categories of documents requested by Plaintiffs." (Doc. 48, pp. 3-4). However, Ms. Napier's Supplemental Declaration thoroughly explains the entire review process, from start to finish. Furthermore, the Thompsons stated in their briefing that their concerns about the FBI's process would be adequately addressed by an *in camera* review of the *Vaughn* Indexed documents. *See* Doc. 36, p. 9. Indeed, the Thompsons described the *in camera* review as "the ideal method to evaluate the claimed exemptions" and test whether the FBI's review was conducted in good faith. *Id.* at p. 10.

Unfortunately for the Thompsons, it appears their concerns were not validated by the *in camera* review. *See* Doc. 50. Though they remain suspicious that the FBI's search was thorough and complete in light of the fact that they did not receive documents that were responsive to some of their categorical requests, mere skepticism is not the same as a material dispute. The law is clear that "once the agency has shown by convincing evidence that its search was reasonable," as the FBI has done here, "then the burden is on the requester to rebut that evidence by a showing that the search was not in fact in good faith"—which the Thompsons have failed to do. *Miller*, 779 F. 2d at 1383.

The only remaining matter to address is whether the Thompsons are entitled to any relief for the FBI's untimely response to the original FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i) ("Each agency . . . shall—determine within 20 days . . . after the receipt of any such request whether to comply with such request . . . ."). It is undisputed that

7

Mr. Thompson submitted the request to the FBI on August 18, 2022, and the FBI did not respond until October 14, 2022, which exceeds the statutory deadline. The FBI counters that "when an agency fails to respond within a given timeframe, the remedy appears to be solely that the requester is deemed to have constructively exhausted their administrative claim and can therefore proceed with filing a lawsuit in district court." (Doc. 45, p. 2). The FBI is right, and no further relief is owed to the Thompsons. *See Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 189 (D.D.C. 2013) ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."); *Thomas v. Dep't of Health & Hum. Servs.*, 587 F. Supp. 2d 114, 117 (D.D.C. 2008) ("If an agency does not comply as required to either a request or an appeal, administrative exhaustion of remedies is construed.").

## IV. CONCLUSION

**IT IS ORDERED** that Defendant the FBI's Motion for Summary Judgment (Doc. 17) is **GRANTED**, and Plaintiffs Doug and Lisa Thompson's Motion for Summary Judgment (Doc. 34) is **DENIED**. This case is **DISMISSED WITH PREJUDICE**, and judgment will enter contemporaneously with this Order.

**IT IS SO ORDERED** on this 28th day of July, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE